## THE STATE OF IOWA V. PITTS.

1. VERDICT AGAINST EVIDENCE. The Supreme Court will not reverse a judgment on the ground that the verdict was against the evidence when the record does not disclose all the evidence that was received in the court below.
2. PRESUMPTION IN FAVOR OF REGULARITY. The Supreme Court will presume when the record is silent that the jury in a criminal trial when they retired to consider upon their verdict were in charge of a sworn officer.
3. INSTRUCTIONS. It is not improper for the court in giving instructions asked by a party to append thereto a note directing that they shall be considered in connection with other instructions given by the court.
4. SAME. Where a jury after considering for a time upon their verdict reported to the court that they were unable to agree, and the court was further informed by one of the jurors that they could not agree upon the law of the case, held that the giving of further instructions was not erroneous.

*Appeal from Clinton District Court.*

SATURDAY, DECEMBER 22.

*W. E. Leffingwell* for the appellant.

I. The conviction is clearly against the weight of evidence, and should be set aside. Whart. Am. Cr. Law, 893, and note (a.)

II. The jury were absent twenty-five hours, and were not under the charge of a sworn officer, section 3019 of the Code, and the verdict will be set aside, unless it appears *affirmatively* that the jury were in no way effected thereby. *McCann* v. *State*, 9 S. & M. 465; 2 John. 373; *Jones* v. *State*, 2 Blackf. 479; 11 John. 441.

III. Section 3023 of the Code provides that if the jury desire, &c., they may be brough* into court, *"and the desired information given them."* Such information as they desire and *no other* can be given them." In this case they desired none which *the court could* give them. They stated that they disagreed as to the *identity of the wheat.* Yet the court proceeded to instruct them, upon a supposed state of facts, which was not supported by the evidence, and concluded by telling the jury, that the defendant must account for the possession of the wheat in *some other* manner or they would be justified in convicting him. This proceeding was wrong in principle, and induced the jury to convict. They were permitted to indulge in presumptions not warranted by the evidence, and a new trial should be awarded. *Harris* v. *Wilson*, 1 Wend. 511; *Hayne* v. *Davey*, 4 Ad. & El. 899; 4 Wend. 639; 10 Ib. 461; *Longsmith* v. *Fox*, 1 Bay 520; *Handly* v. *Harrison*, 3 Bibb. 481; *People* v. *Bodine*, 1 Denio 283; *Robinson* v. *Chapline*, 9 Iowa 91; *Howes* v. *Carver*, 3 Iowa 257; *Luman* v. *Kerr's Adm'r* 4 G. Greene. 159; *Tifield* v. *Adams*, 3 Iowa 487.

IV. The instructions asked by the defendant, should have been given as asked, or refused, and the supplement added by the court that, "The foregoing instructions were to be read in connection with the courts charge," left the instructions so confused that the jury were left to act at random. *Sullivan* v. *Finn*, 4 G. Greene 544; *Eyser* v. *Wiesberger*, 2 Iowa 463. Or the jury were made the judges of the law.

Code sections 3016-17, requires "the court to state to the jury all such matters of law for their information as it shall think necessary, and the jury are bound to receive the law as such, as it is laid down by the court." These instructions should be confined exclusively to the law of the case. *Frederick* v. *Gaston*, 1 G. Greene 401.

*S. A. Rice*, Attorney General, for the State.

WRIGHT, J.—*Larceny.* Defendant was convicted, appeals, and to reverse the case, insists upon the following points :

I. That the verdict was not justified by the evidence. The record does not disclose that all the testimony is before us and we cannot therefore say that this error is well assigned. Governed by that which is contained in the bill of exceptions however, we are not prepared to say that the verdict was not justified. To connect the prisoner with the loss of the wheat charged, there is, it is true, no positive testimony. It is peculiarly a case resting on circumstantial evidence ; and we can well see how the jury, might reasonably and fairly, under the very full and clear charge of the judge trying the cause, have found the prisoner guilty.

II. It is next objected that it is not shown that the jury, when they retired to consider of their verdict, were under the charge of a sworn officer, as required by section 3019 of the Code. Upon this subject the record is silent. The section referred to is very similar in language to section 3012, requiring the court to admonish the jury of their duty at the time of each separation. In *The State of Iowa* v. *Shellady*, 8 Iowa 477, it was held that it was not necessary that it should appear affirmatively that this admonition was given. "It is presumed that the District Court did its duty ; and unless the contrary is made to appear affirmatively the judgment should not be disturbed." In our opinion the two questions are alike in principle and the doctrine of the case cited must be regarded as decisive of the points here made.

III. It is claimed that the court erred in the charge given to the jury, and in adding to the instructions asked and given for the defendant the words: "The foregoing instructions given in connection with the court's charge." In this connection it is also objected that the court gave additional instructions to the jury, after they retired and at a time when they came into court and reported that they were unable to agree.

As already suggested the instructions are very full. To them no specific objection has been pointed out. We have examined them however, and are unable to see how any just exception can be taken to them. They are for the most part, but the statement of the well recognized principle of law governing such cases, giving to the prisoner the benefit of all that he could reasonably ask under the evidence disclosed.

The note of the court, at the time of giving defendant's instructions was not improper. It was but the statement to the jury of what would have been their duty in any event, and we do not see how it is possible that the defendant was prejudiced.

The jury reported that they were unable to agree, were brought into court and upon inquiry, some of them stated that they understood the charge of the court, but differed as to the facts, while one juror stated he "thought they did not all agree upon the law," whereupon the court proceeded to give them some further instructions. Defendant objected and now insists that the court had no right to charge the jury further under the circumstances disclosed. If we conclude that the court had not the power, on its own motion, to add to the instructions given, prior to the retirement of the jury; we should still hold that the circumstances of this case bring it fairly within the meaning of § 3023, of the Code referred to by appellant.

Judgment affirmed.