THE STATE OF IOWA v. JESSE HUNT, Appellant.

Criminal Law:  READING EVIDENCE TO JURY AFTER RETIREMENT.
After the jury has retired to deliberate, the testimony of a
1  witness for the state may properly be read to them, at their request, in open court, in the presence of the defendant.

Motion for New Trial:  FINDING OF FACTS:  Review on Appeal.
Where the evidence as to misconduct of jurors in stating facts
2  within their own knowledge is conflicting, as to the only statement said to have been made by a juror which would be ground for a new trial, the finding against defendant on the motion will not be disturbed on appeal.

STATEMENTS IN MOTION:  Necessity for bill of exceptions.  Where the bill of exception contains no reference to a refusal of the
3  court to have the examination of a juror on his voir dire taken down by the official stenographer it cannot be assumed on appeal that a statement to that effect, found in the motion for a new trial, is correct.

Appeal from Decatur District Court.—HON. HORACE M. TOWNER, Judge.

FRIDAY, DECEMBER 21, 1900.

DEFENDANT was indicted, tried, and convicted of the crime of burglary, and from the sentence imposed appeals.—Affirmed.

DEEMER, J.—The case is submitted on an abstract filed by defendant, without argument from either party.  We have carefully examined the record as disclosed by this abstract, and find no errors prejudicial to the defendant in the court's

rulings on the admission and rejection of evidence. The instructions are plain, clear, and correct statements of the law applicable to such cases.

After the jury had retired to deliberate, the testimony of one of the witnesses for the state was read to them, at their request. This, as we understand it, was in open court, and in the presence of the defendant. Defendant objected thereto, but gave no reason for his objection.

The procedure adopted in the case seems to be sustained by Code, section 5398, and by the decisions of the courts of other states. *Atchison v. State,* 13 Lea, 275; *People v. Perry,* 65 Cal. 568 (4 Pac. Rep. 572). In any event, it may well be doubted whether the general objection was sufficient.

II. An additional instruction was given the jury, pursuant to its request after it had retired to deliberate upon its verdict. The instruction contained a correct statement of the law as to the responsibility of an accessory before the fact, and that it was given after the jury had retired was not error.

III. Misconduct of some of the jurors in stating facts within their own knowledge, while in the jury room, that were not given in evidence, was one of the grounds of the motion for a new trial. There is a conflict in the evidence bearing on the only statement said to have been made by the juror that would be ground for a new trial, and, in view of this conflict, we are not justified in disturbing the finding of the trial court.

Something is said in the motion for a new trial regarding the refusal of the court to have the examination of a juror on his *voir dire* taken down by the official stenographer. The bill of exceptions contains no reference to the matter, and in view of the ruling of the trial court, denying the motion, we should not assume that the statement found in the motion is correct. A motion for continuance filed by defendant was overruled, and exception

taken. There was no error in the ruling. No prejudicial error appears, and the judgment is AFFIRMED.