STATE OF IOWA, Appellee, v. JESSE NEITZEL, Appellant.

**Criminal law:** BURGLARY: STATUTE: INCLUDED OFFENSE. Where a defendant is charged with breaking and entering a building, other than a dwelling, it is immaterial under the statute whether the crime was committed in the daytime or the nighttime; and a charge in the indictment that the crime was committed in the nighttime was mere surplusage. So that an instruction that the crime of burglary of a store building in the daytime is included in the charge of burglary in the nighttime was harmless, where the defendant was found guilty of the offense charged.

**Same:** REFUSAL OF REQUESTED INSTRUCTIONS. Where the court fully

and fairly instructed the jury that defendant's plea of not guilty is a denial of every material allegation of the indictment, refusal of a similar requested instruction was proper.

*Appeal from Audubon District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, JUNE 5, 1912.

INDICTMENT charging crime of burglary. Verdict of guilty, and from the judgment thereon the defendant appeals.—*Affirmed.*

*J. M. Graham* and *J. H. Ross* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

WEAVER, J.—The indictment charges that the defendant feloniously and in the nighttime broke and entered a certain building belonging to one Hendricks and in the possession and control of George Texlor in which building goods, merchandise, and other things of value were kept for sale and deposit, and that such breaking and entering were done and committed with the intent to steal and carry away the goods and property kept in said building. But two points for reversal of the judgment of conviction upon this indictment are urged by counsel.

As we have already stated, the indictment contains the allegation that the burglary was committed in the nighttime. The court instructed the jury that the charge as stated in the indictment included the

1. CRIMINAL LAW: burglary: statute: included offense.

offense of burglary in the daytime, and that, if they found the defendant guilty of the felonious breaking and entering and had any doubt upon the question whether it was committed in the

nighttime, then they should find him guilty of burglary in the daytime.

The evidence tended strongly to show that the crime was committed in the nighttime; and that defendant was implicated therein. He offered no evidence in his behalf, and the jury returned a verdict finding him "guilty as charged in the indictment." His counsel here contend that the court erred in instructing the jury that the offense of breaking and entering a store in the daytime is included in the charge made in the indictment. Conceding this to be true, as we must, we are wholly unable to comprehend how the error could have prejudiced the defense. Having found him guilty as charged, of burglary in the nighttime, the jury never had any occasion to consider the question of any included offense, and therefore could not have been misled by any error in the instructions with respect thereto. Had the jury found the defendant guilty of burglary in the daytime on the theory that it was a different but included offense in the crime charged in the indictment, a more serious question would be presented. But the record does not require us to consider or determine it at this time. It is proper, however, that we call attention to the statute under which defendant was convicted. Code, section 4791, reads as follows: "If any person with intent to commit any public offense in the daytime break and enter, or in the nighttime enter without breaking, any dwelling house; or at any time break and enter any office, shop, store, warehouse, railroad car, boat or vessel or any building in which any goods, merchandise, or valuable things are kept for use, sale or deposit, he shall be imprisoned in the penitentiary not more than ten years, or be fined not exceeding one hundred dollars and imprisoned in the county jail not more than one year."

It will be observed that the distinction between a felonious breaking and entering in the nighttime and in the daytime has application only where the alleged burg-

lary is of a dwelling house, and that burglary of the other buildings named has reference to such breaking and entering "at any time" without respect to whether the act be done in the daytime or nighttime. It follows, we think, that the words "in the nighttime" found in this indictment are to be treated as surplusage and that, even if there was an entire failure to prove this fact, it would not prevent a valid conviction if the breaking and entering with intent to steal were otherwise established. The assignment of error based upon the instruction referred to must be overruled.

The appellant asked the court to instruct the jury that his plea of not guilty was a denial of every material allegation of the indictment. This request was refused.

2. SAME: refusal of requested instructions. If counsel were correct in their statement that the trial court nowhere gave the jury any instruction covering the principle of law contained in this request, then a reversal would have to be ordered. But the court did cover this ground fairly and fully in the seventh paragraph of its charge, and there was no error in failing to restate it in the language of counsel.

The defendant had a fair trial, and his guilt was too clearly established to admit of reasonable doubt of the justice of his conviction.

There is no reversible error in the record, and the judgment appealed from is *affirmed*.