DEDRICK *v.* STATE OF INDIANA.

[No. 26,565. Filed June 10, 1936.]

*McClain & Lindsey,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *William E. Bussell,* Deputy Attorney-General, for the state.

ROLL, J.—The appellant was charged by affidavit with the commission of the crime of burglary in the second degree. To this charge he entered a plea of not guilty. The cause was tried by jury resulting in a verdict of guilty. On appeal to this court, he has assigned certain alleged errors of the court in giving instructions. He first questions instruction No. 5 given by the court on its own motion as follows:

"If the State of Indiana has proved that the property described in the affidavit was stolen, and that such property was, after the larceny, found in the exclusive possession of the defendant, then the law imposes upon him the burden of accounting for his possession and showing that such possession was innocently acquired, and if he fails to do so or gives a false account of his possession, the presumption arises that he has unlawfully acquired the possession of such property."

The appellant was charged with breaking into the garage of the prosecuting witness in the nighttime and stealing an automobile. The evidence discloses that at the time of the theft the garage was locked by a padlock, which, after the theft, was found broken on the ground near the garage door. Later the car was found in appellant's possession. It was upon this set of facts that the above instruction was given.

Appellant questions the correctness of this instruction, and says that it has the effect of removing from him the presumption of innocence to which he is entitled, and which attends him, step by step, throughout the trial; that said instruction invades the province of the jury; that the jury is the judge of the facts and the law in all criminal cases, and that the court exceeded its lawful function in telling the jury that the proof of certain facts raises the presumption of his guilt as a matter of law.

The difficult and perhaps fruitless question presented by the giving of the above instruction has given this court, as well as courts of other states and text writers, much difficulty. There is by no means harmony in our own decisions upon this question. This question has been discussed from two angles. First, when it is raised upon the assignment of error that the verdict of the jury is not sustained by sufficient evidence, and second, by an instruction to the jury. It will be noted in the decisions hereinafter referred to, that where the question is presented upon the insufficiency of the evidence to sustain the verdict, the court cites indiscriminately the cases where the question was presented both on the insufficiency of the evidence and by an instruction. Perhaps certain language used in the cases where the principal is discussed upon the sufficiency of the evidence has misled the court when applying rules of law upon instructions to the jury.

In the early case of *Engleman* v. *State* (1850), 2 Ind. 91, 96, the jury was instructed as follows:

" 'If the jury believes, from the evidence, that the defendant was in possession of the orders of the Townlys, or any part of them, as charged in the indictment, within a period of four or five months after the time they are alleged to have been stolen, and that they were stolen on or about the time alleged, and the defendant has failed to show how he came by them, he having it in his power to ex-

plain his possession if it was an honest one, such possession is a circumstance from which the jury is authorized to raise a presumption, in connection with the other circumstances in the case, to weigh against the defendant."

This instruction was sustained by the court, and the following is an excerpt from the opinion found on page 97.

"The fact that stolen property is found upon a person may always be given in evidence in a prosecution for the larceny against him, and must always be consistent with his guilt; but the strength of the presumption which it raises against the accused, or whether any at all, depends upon the length of time that may have elapsed between the larceny and the finding, considered in connection with the character of the property, the explanations, or the want of them, by the defendant—indeed, all the circumstances surrounding the transaction. . . . No certain lapse of time can be designated, applicable alike to all cases, as raising, or otherwise, the presumption of guilt, from the possession of stolen goods."

The next case considering this question in this state is the case of *Hall* v. *State* (1856), 8 Ind. 439. This was a prosecution for grand larceny, and the court instructed the jury in part as follows (p. 441):

" 'If the property stolen, or a portion of it, was found in the possession of the defendant in a short time after the larceny was perpetrated, it would be your duty to find the defendant guilty, unless he satisfies you, from the evidence, that he came by the horse honestly.' "

The court said that the instruction, as a general proposition, was incorrect, and makes reference to the case of *Engleman* v. *State, supra,* for a correct statement of the law. We find nothing in either of these two cases which can be said to be authority supporting the question here in controversy.

Again in the case of *Clackner* v. *State* (1870), 33 Ind. 412, a similar instruction was given by the trial court. One of the instructions reads as follows (p. 415):

> " 'If the goods were stolen, and were shortly afterwards found, or some of them, in the possession of the defendant, *the law requires of him that he should give some account of the manner he obtained the goods,* and raises a presumption of guilt; and the account or the want of it and its reason always is given with the length of time and kind of goods and all of the circumstances, and give them all such weight as the jury, being prudent men, think they should have.' "

Another instruction reads as follows (p. 414):

> " 'If goods are stolen, and are shortly afterwards found in the possession of the defendant, *common honesty and the law requires him to give a reasonable account of how he came by them;* this may be strengthened or weakened by the length of time and kind of property; and all the circumstances should be taken into consideration by the jury.' "

These instructions were held erroneous, the court saying: "Certainly, facts much short of giving a reasonable account of how the accused came by them, will rebut the presumption arising from the possession of stolen goods." The court further says that the presumption arising from the possession alone is completely removed by the good character of the prisoner. Or the possession may be accompanied by other circumstances such as unsuspicious conduct which would repel the presumption.

The case of *Turbeville* v. *State* (1873), 42 Ind. 490, is a case where the appellant was indicted and found guilty of grand larceny. Here the question of the effect of the unexplained possession of stolen property was presented. The court says (p. 495): "We are required to decide whether the finding of the stolen property, at the place, and under the circumstances stated, was sufficient to require him to account for their presence, and

on his failure so to do, to raise the presumption that he was the thief." It must be kept in mind that the court in this case is deciding the question as to the sufficiency of the evidence to support the verdict of the jury, and the court says (p. 495) : "It is well settled by elementary writers on criminal law and many adjudged cases, that the possession of stolen property, to be sufficient to put a party in whose possession it was found upon his defense, the possession must be both recent and exclusive." In this case, however, the court held that the evidence was not sufficient to show that the property alleged to have been stolen was in the exclusive possession of the defendant, and that the verdict was therefore not supported by sufficient evidence and reversed the case.

The case of *Jones* v. *State* (1875), 49 Ind. 549, is the first case in which apparently the instruction here in question finds direct support. The appellant in that case was charged and convicted of grand larceny. The following instruction was given by the court in that case (p. 551) :

" 'If you find, from the evidence, that the hogs of James C. Hank had been feloniously stolen, and that recently afterward said hogs were found in the exclusive possession of the defendant, such possession unaccounted for or unexplained by the defendant would raise a presumption of his guilt; but such presumption of guilt may be explained away or repelled by opposing circumstances, such as unsuspicious conduct connected with the possession."

The objection to this instruction was that it imposed on appellant the duty of accounting for or explaining the possession of the stolen property; and because it restricted and limited the modes in which the presumption arising from the exclusive possession of goods recently stolen might be overcome or repelled. The court says in passing upon this question, "The law imposes upon one who is found in the exclusive possession of

property which has been recently stolen, the duty of accounting for it, or explaining how he came into possession of such property; and his failure, when required to speak, to give a satisfactory account of how he came into possession, or the giving of a false account, raises a presumption that such person is the thief. This presumption is not conclusive, but may be repelled or overcome in several ways." We further quote (p. 552) : "If the direct evidence, or attending circumstances, or character and habits of life of the accused are sufficient to raise in the minds of the jury a reasonable doubt as to the guilt of the defendant, he should be acquitted. But if the possession of the stolen property is not explained in some of the modes above indicated, so as to establish the innocence of the accused, or create a reasonable doubt as to the guilt of the accused, the presumption becomes conclusive." The court then cites as authority for this satement the case of *Clackner* v. *State, supra; Smathers* v. *State* (1874), 46 Ind. 447, and authorities there cited.

In the Smathers case the court instructed the jury as follows (p. 448) :

> " 'If the property stolen, or a portion of it, was found in the possession of the defendant in a short time after the larceny was perpetrated, it would raise a presumption that the defendant stole the property; but the strength of the presumption which it raises against the accused depends upon all the circumstances surrounding the case. The presumption of guilt may be overcome by the accused, by evidence that raises a reasonable doubt that he came by it as charged; but if the possession of the stolen property, on the day or the day following the perpetration of the larceny, is not explained by the defendant, you might, in your discretion, find the defendant guilty as charged.' "

The objection to this instruction, as stated by the court, is that it assumes that the property was stolen. This is the only objection urged to this instruction, and the

court sustained the objection and held that the instruction was erroneous for that reason, but the court in attempting to correctly state the law in reference to the objection raised, said (p. 450) : "The court should have charged the jury that if they found from the evidence that the goods described in the indictment, or some portion of them, had been stolen, and that such stolen property had been found in the exclusive possession of the defendant within a short time after the larceny was perpetrated, such possession imposed upon the defendant the duty and burden of explaining his possession; and if he has failed to satisfactorily account as to how he came by the stolen property, or has given a false account of how he came into possession of such stolen property, the law presumes that the defendant stole such property, and this presumption was strong enough to justify them in finding the defendant guilty."

It is evident that the court's attention was directed primarily to that part of the instruction which assumed that the goods were stolen and they were attempting to state a correct instruction upon that portion of the given instruction, and their attention was not directed to the question of whether or not it was proper for the court to instruct the jury that the recent unexplained exclusive possession of the stolen property created a presumption of law that the defendant was the thief. Therefore, that part of the Smathers case supporting appellee's contention herein is, in our judgment, *obiter dictum,* and therefore we do not think that the statement of law laid down in the case of *Jones* v. *Smith, supra,* is supported by either the Clackner case or the Smathers case.

The question was again presented to this court in the case of *Smith* v. *State* (1877), 58 Ind. 340. There the appellant was jointly indicted with one John W. Sterne

for burglary and grand larceny. The trial court gave the following instruction to the jury (p. 343) :

> " 'If you should believe it to be true, that the goods mentioned, or some portion of them, were stolen from Theophilus Wright, about the time charged in the indictment, and that, shortly after that time, they, or some portion of them, were found in the exclusive possession of the defendant, such possession imposes upon the defendant the duty and burden of explaining his possession; and if he has failed to satisfactorily account as to how he came by the stolen property, or has given a false account of how he came into possession of such stolen property, the law presumes that the defendant stole such property, and this presumption may be strong enough to justify you in finding the defendant guilty of larceny.' "

Appellant objected to this instruction, and the court, in passing upon the correctness of the instruction, says (p. 343) : "While the doctrine of this instruction may seem to be in substantial accord with some of the authorities which have fallen under our observation, we are of the opinion that it laid down a harsher rule than can be supported by the weight of modern authority." Then the court further says (p. 344) : "In a prosecution for larceny, the fact that the stolen property is found upon the person of the defendant can always be given in evidence against him; but the strength of the presumption which it raises against the accused depends upon all the circumstances surrounding the case." As authority for this statement the court cites the case of *Engleman* v. *State, supra.* The court in this case also quoted from the case of *State* v. *Hodges* (1869), 50 N. H. 510. The court recognized the New Hampshire case as being a leading and well considered case. The New Hampshire case reviews a great many authorities bearing upon the doctrine set forth in these instructions, and traces the development of this legal proposition. In reviewing the English decisions, the New Hampshire

court shows that the English court had the authority to give the jury the benefit of its interpretation and analysis of evidence, and from the exercise of this authority perhaps developed the rule that it was proper for the court to tell the jury that the proof of certain facts would create a presumption as a matter of law. But the New Hampshire court, after considering a great many cases, decided that the presumption raised by the proof of certain facts was not a presumption of law, but was a presumption of fact. The court held in the New Hampshire case that there is no legal rule on the subject; that much depends upon the nature of the property stolen and the circumstances of each particular case; that "It is a presumption established by no legal rule, ascertained by no legal test, defined by no legal terms, measured by no legal standard, bounded by no legal limits. It has none of the characteristics of law. Whether it be found by the judge or the jury, the judge and the jury must be equally unconscious of finding in it any semblances of a legal principle, however much good sense may appear in the result arrived at. Being a presumption of fact, it should, according to our practice, be drawn by the jury, and not by the court."

The court in the Smith case regarded the New Hampshire case as being well supported by authority and adopted the doctrine enunciated by that case. We quote further from the Smith case as follows (p. 345) :

"We think the court erred in saying to the jury, as it did in substance, that, in the absence of a satisfactory explanation of the possession of the stolen property, the *law presumes* that the defendant had stolen it—such a presumption being an inference of fact merely, and not amounting to a rule of law."

We think that in reading the cases cited and relied upon by the state in this case and heretofore mentioned, one cannot help but conclude that the court, after all, recognized that it was the province of the jury

to draw whatever inference was justifiable from the proof of certain facts, and not the province of the court to instruct the jury that there was a presumption, as a matter of law, arising upon the proof of certain facts. This is supported by the statement of the court in the case of *Blaker* v. *State* (1892), 130 Ind. 203, 29 N. E. 1077. While the court there did say that the exclusive possession of stolen property soon after the larceny, if unexplained, raises a presumption that the person in whose possession it is found is guilty of the larceny, it cites as authority for this statement the case of *Smathers* v. *State, supra; Turbeville* v. *State, supra; Engleman* v. *State, supra; Jones* v. *State, supra; Galvin* v. *State* (1884), 93 Ind. 550, yet we think it clear that what the court had in mind was that the proof of such facts would justify the jury in concluding that the defendant was the thief and that the verdict would not be set aside for want of evidence.

We think the Galvin case lends little support to the State's position, for in that case the objection urged to the instruction did not call upon the court for any discussion or statement of the principle here involved. The other cases cited by the court have already been analyzed in this opinion.

The court says (p. 205) in the Blacker case, *supra,* "The presumption thus raised is a presumption, or rather an inference of fact, and not a legal presumption." Citing *Smith* v. *State, supra.*

"That is, the courts can not say, because of such possession and want of explanation, that as a question of law the accused must be deemed guilty, but the jury is authorized to consider such evidence as tending to show guilt, and, the larceny being shown, the circumstances connected with such possession and want of explanation may be sufficient to make the question of

guilt, as a question of fact, conclusive and sufficient in and of themselves to justify conviction."

It is plain that the court here recognized that whatever inference or presumption that arises from the unexplained possession of recently stolen goods must be drawn by the jury and not by the court; that it is an inference or presumption of fact and not an inference or presumption of law, and that the question must·be submitted to the jury for their determination. But after the question has been submitted to the jury and they conclude from the evidence that the defendant is guilty, then upon a motion for a new trial on the ground of insufficiency of evidence the court can say that the proof of such fact was sufficient to authorize the jury to draw the inference or the presumption that the defendant was the guilty party and that the verdict is supported by sufficient evidence.

The proper application of the doctrine·enunciated in the questioned instruction herein is applied in *Mason* v. *State* (1908), 171 Ind. 78, 85 N.' E. 776. The question there was presented upon the question of the sufficiency of the evidence to support the verdict. The court in this case held (p. 81), "In this State it has been held that the exclusive possession of stolen property soon after the larceny, if unexplained, is sufficient to sustain a conviction." See authorities there cited. We quote the following excerpt from this case which we think is pertinent and helpful to the question here presented (p. 82), "Evidence tending to show innocence or in explanation of such possession consistent with his innocence may be given by the accused; and if, upon the whole evidence, there is a reasonable doubt of his guilt he should be acquitted (cases cited). The jury or, if tried by the court, the court is the sole judge as to whether the explanation or other evidence given by or on behalf of the accused is sufficient to raise a reasonable doubt of

his guilt. (Cases cited.)" We quote further from page 83 of this case: "It is clear that the question presented by the first and second causes for a new trial was one of fact only, and the same is not open to review here, for the reason that we cannot weigh the testimony."

The case of *Campbell* v. *State* (1898), 150 Ind. 74, 49 N. E. 905, clearly supports the principle laid down in the questioned instruction. However, in that case the court admits that the presumption referred to in the instruction is a presumption of fact and not a presumption of law, and quotes with approval from *Ayres* v. *State* (1886), 21 Tex. App. 399, 17 S. W. 253, which case condemns such an instruction. The court quotes from the Texas case, and states that the instruction properly states the law. The court in the Campbell case says that the instruction questioned is technically erroneous, but holds that the jury was not misled by this instruction. We quote the following excerpt from page 84 of this opinion: "There being no practical difference between a rebuttable presumption of law, that being the kind of a presumption the court meant, and a presumption of fact, the instruction in question, when construed along with others, under the law, though technically incorrect, yet, under the circumstances, it required of the jury no different finding than if the presumption mentioned had been stated to be a presumption of fact. Therefore, under the circumstances of this case, there was no material error in giving the instruction, though it was technically incorrect in the respect mentioned. Under such circumstances the statute and decisions of this court forbid the reversal of a judgment for such error." We can not agree with the reasoning in this case. We do not think that it would have cured the instruction even though the court had told the jury that the presumption which was raised by the proof of such facts mentioned in the instruction was a presumption of

fact and not a presumption of law. The objection to such an instruction lies not in the omission to tell the jury whether it is a presumption of law or a presumption of fact, but the error consists in taking from the jury the right for them to determine whether or not the proof of such facts is sufficient to prove the defendant guilty beyond a reasonable doubt. It is the exclusive province of the jury to determine, from all the facts and circumstances in the case, the defendant's guilt or innocence, and any instruction by the court which in any manner takes from the jury this exclusive duty, or which attaches weight to certain evidence, or which would in any manner place the burden upon the defendant to prove his innocence or introduce evidence to create a reasonable doubt in the minds of the jury, is erroneous. It is the affirmative duty of the state in criminal cases to prove the defendant's guilt beyond a reasonable doubt. Such cases present questions of fact and the jury alone must draw any inference which might be drawn from the evidence, and it is not for the court to say in such cases that the proof of certain facts or circumstances would, as a matter of law, create the presumption of guilt. It is further stated in *Campbell* v. *State, supra* (p. 82), that:

"If the author from whom we have quoted is correct in saying that 'a strong presumption of fact determines the tribunal in its belief of an alleged fact,' and that 'its effect therefore is to shift the burden of proof to the opposite party, and if this proof be not made, the presumption is held for truth'; and that 'the recent possession of stolen goods by an accused person raises a strong presumption that he is the thief,' and that 'it puts him upon his defense, and calls upon him to show how he came by them; and, in the event of his failing to do so satisfactorily, it justifies the final absolute presumption of his guilt,' how can it logically or reasonably be contended that the jury had any right, under such circumstances, to do otherwise than convict. There can be no doubt that the above

statement of law is supported by the overwhelming weight of authority. But it is said that the presumption arising upon the facts recited in the instruction in question was one of fact to be found by the jury and not of law. So, too, the rebuttable presumption of law must also be found by the jury. And the question arises, was not the jury just as much bound to find the truth of the presumption in the absence of all countervailing evidence, even though the court had stated it to be one of fact, instead of stating incorrectly as it did, that it was one of law? Most certainly it was. When the evidence shows beyond a reasonable doubt that goods recently stolen are found in the exclusive possession of the accused, and there is no other evidence and no countervailing circumstances, then the jury is not only justified in finding the defendant guilty, but they are not justified in finding any other way. Where the evidence is legally sufficient to establish a fact, and there is no contradictory evidence or countervailing circumstances, the law absolutely requires the jury to find according to such evidence, and they have no right to arbitrarily disregard such evidence."

This is in accord with the statement quoted from *Jones* v. *State, supra,* where the court said (p. 552) :

"But if the possession of the stolen property is not explained in some of the modes above indicated, so as to establish the innocence of the accused, or create a reasonable doubt as to the guilt of the accused, the presumption becomes conclusive."

The question at once presents itself: Who is to determine whether the evidence proves the defendant's innocence, or whether it is sufficient to raise a reasonable doubt in the minds of the jury? The answer is obvious. It certainly can't be the duty of the court to tell the jury that the evidence introduced, proves the defendant guilty beyond a reasonable doubt, or to say to the jury that the evidence is not sufficient to raise a reasonable doubt in your minds as to his guilt, therefore you should return a verdict of guilty in this case. It is clear from a

careful analysis of the question here presented that after all the court recognizes that the weight and the sufficiency of the evidence is for the jury to determine. Whether the possession was exclusive enough, whether the possession was recent enough, together with all the other facts and circumstances shown by the evidence was or was not sufficient to justify a verdict of guilty, were questions of fact for the consideration of the jury. If they conclude that the evidence is sufficient to prove the defendant guilty beyond a reasonable doubt, it is their bounden duty under the law to so find their verdict. If not they should acquit.

Our position is clearly set forth in the case of *Keifer* v. *State* (1932), 204 Ind. 454, 184 N. E. 557, where the court quotes from *Doty* v. *State* (1845), 7 Blackford 427, and also cites *Chaffee & Co.* v. *United States* (1873), 85 U. S. (18 Wall.) 516, 545, 21 L. Ed. 908. We quote the following from *Chaffee & Co.* v. *United States, supra:*

> " 'The purport of all this was to tell the jury that, although the defendants must be proved guilty beyond a reasonable doubt, yet if the government had made out a prima facie case against them, not one free from all doubt, but one which disclosed circumstances requiring explanation, and the defendants did not explain, the perplexing question of their guilt need not disturb the minds of the jurors; their silence supplied in the presumptions of the law that full proof which should dispel all reasonable doubt. In other words, the court instructed the jury, in substance, that the government need only prove that the defendants were presumptively guilty, and the duty thereupon devolved upon them to establish their innocence, and if they did not they were guilty beyond a reasonable doubt. We do not think it at all necessary to go into any argument to show the error of this instruction. All the authorities condemn it. (Citing *Doty* v. *State, supra.*) . . . The instruction sets at naught established principles, and justifies the criti-

cism of counsel that it substantially withdrew from the defendants their constitutional right of trial by jury, and converted what at law was intended for their protection—the right to refuse to testify—into the machinery for their sure destruction.' "

In the case of *Johnson* v. *State* (1897), 148 Ind. 522, 47 N. E. 926, we find language which apparently supports the contention of the state, but there again the question was presented upon the insufficiency of the evidence and not upon the correctness of an instruction to the jury.

In the case of *Davidson* v. *State* (1933), 205 Ind. 564, 187 N. E. 376, language is used similar to that found in *Johnson* v. *State, supra,* and some of the other cases herein cited. But, the court in the Davidson case was discussing the admissibility of certain evidence. Other cases may be found in Indiana where the question has been discussed, that we have not cited.

As heretofore stated, the language used by the court in discussing the question upon the sufficiency of the evidence and the admissibility of evidence, has been misapplied to the proposition when it has arisen upon an instruction. In the former cases the language used clearly means that the facts as proven in the various cases were sufficient to justify the jury in drawing the inference that the defendant was guilty; and upon appeal this court will not weigh the evidence and say that the facts were sufficient to support the verdict. This is clearly explained and applied in the case of *Mason* v. *State, supra.*

But we cannot agree that the same language or rule is applicable to an instruction as was done in *Campbell* v. *State, supra.*

It is not surprising that the trial court gave instruction No. 5 nor do we mean to in any wise criticize it in so doing, in view of the many cases in which similar language as was used can be found. We have made a

very careful examination of the question and while we have not set out all the cases touching upon this question, we feel that we have reviewed a sufficient number to explain our position upon this question. We therefore expressly overrule the case of *Campbell* v. *State* and *Jones* v. *State, supra,* and all other cases in conflict with this opinion.

The same principle of law is involved in another type of cases and we think is better law and sounder reasoning. In the case of *State* v. *Cadwallader* (1900), 154 Ind. 607, 615, 57 N. E. 512, it is said that: "By charge eighteen the court instructed the jury that if they believed from the evidence, beyond a reasonable doubt, that the defendant had been a director and president of the bank in controversy continuously for three years prior to the day upon which he received the deposit in question, and that during all of said time he was in the active management and control of the business of the bank and if they further believed from the evidence that the bank on that day was insolvent, then the presumption would be that the defendant knew of its insolvent condition, but that such presumption would not be conclusive, and that it might be shown as a matter of fact that the defendant did not know that the bank was insolvent. The objection urged by the state to this charge is that the court erred in advising the jury that the presumption, under the facts stated, in respect to the defendant's knowledge of the insolvency of the bank, was not conclusive, but might be rebutted. The charge can not be held to be erroneous upon this ground for the defendant certainly had the right to overcome such adverse presumption by showing by legitimate evidence that, in fact, he, without his own negligence or fault, was ignorant of the true condition of the bank at the time the deposit was received. It may be said, however, in this connection that a trial court in charging a jury

in respect to the presumption of a fact should not go further than to direct the attention of the jury to their right to draw the inference. It is not proper for the court to attach weight or value to such inference or inferences, as that is the exclusive province of the jury. *Smith* v. *State*, 58 Ind. 340."

We think the above case correctly states the law applicable to the question here under consideration. This view is also recognized in Underhill's Criminal Evidence, 4th Ed., §514, pages 1040 to 1044.·

If the court has the right to give the instruction here in question, it would necessarily follow that in all cases where stolen property was recently found in the exclusive possession of the defendant, and unless the defendant explains his possession, or if he gives a false account of his possession, the court, under such circumstances, instead of giving the above instruction should direct the jury to return a verdict of guilty, as such presumption, in the absence of evidence explaining such possession, would become absolute and the jury would have no alternative in the matter. If the defendant sees fit to not testify after the state has proven that the goods in question had been recently stolen, and soon thereafter found in his exclusive possession, he thereby runs the risk of the jury reaching the conclusion and drawing the inference that he is the thief. Such evidence, of course, is always competent, but under our constitution the jury are the exclusive judges of the facts as well as the law in criminal cases, and the court has no right to attach any weight or presumption or inference to the evidence in the case.

In *Powers* v. *State* (1933), 204 Ind. 472, 184 N. E. 549, it was held to be error to permit proof that the defendant had no permit to carry a pistol, notwithstanding the statute, to the effect that in the trial of a person charged with committing a felony against the property

or person of another while armed with a pistol, the fact that the defendant was carrying the pistol without a permit shall be prima facie evidence of his intent to commit the felony with which he is charged. It was there held that the legislature has no power to declare that certain facts shall be prima facie evidence of the ultimate fact of criminal intent where such facts standing alone and without legislative enactment to aid them would not be sufficient to support a verdict. And in the case of *Walter* v. *State* (1935), 208 Ind. 231, 195 N. E. 268, it was held that the statute (Burns' Ann. Statutes 1926, §2479) which provides that a bank's failure, suspension, or involuntary liquidation within thirty days after a deposit is received constitutes prima facie evidence of fraudulent intent in receiving the deposit, is an invasion of the constitutional right to have the jury determine the facts.

Under our Constitution neither the legislature by enactment nor the court by instruction may determine what is prima facie evidence of an ultimate fact. That is to say what evidence is sufficient to establish an ultimate fact such as criminal intent.

In *Jacobs* v. *State* (1936), *ante* 107, 1 N. E. (2d) 452, it was said, *ante* 110: "Any instruction, whether or not it is based upon a legislative enactment, which undertakes to tell the jury that certain evidence is sufficient to establish the ultimate fact of criminal intent, or any other ultimate fact, or to create a presumption of such an ultimate fact, invades the constitutional province of the jury."

Exclusive possession by the defendant of recently stolen goods is a circumstance to be considered by the jury, and if the state proves that the goods in question have been recently stolen and soon thereafter were found in the possession of defendant, and there is no evidence in the record explaining the possession of the

defendant, and if the jury under proper instruction concludes that the defendant was guilty, such evidence would be sufficient to sustain the verdict of the jury upon appeal. We do not think that a court has any right or any power to instruct the jury that the proof of certain facts raises a presumption against the defendant in a criminal case, but the court should more properly instruct the jury that all facts and circumstances as shown by the evidence should be considered by them in determining the guilt or innocence of the defendant.

Under the Constitution of Indiana the jury is the exclusive judge of the facts and the law, and it is their province to say whether or not the proof in any given case proves the defendant guilty of the crime charged beyond a reasonable doubt.

We think the above instruction deprived appellant of a substantive right, and for this reason the case must be reversed.

Appellant complains of the refusal of the court to give his tendered instruction Number 2, as follows:

"The defendant is clothed with the presumption of innocence of any crime charged in the affidavit, and that presumption of innocence remains with him throughout the trial, step by step, and you should weigh the evidence in the light of that presumption of innocence, and reconcile it with that presumption if you can reasonably do so, and in that event find the defendant 'not guilty.' "

This instruction is covered by the appellant's tendered instruction Number 1, which was given to the jury, in which the jury was told that the defendant was presumed to be innocent of any crime and that presumption remained with him throughout the trial of the cause, and until the evidence was sufficient to convince the jury beyond a reasonable doubt of his guilt as charged; that before the jury could convict him, the

evidence must be such as to remove from their minds every reasonable doubt of his guilt; that if it did not, they could not find him guilty. The jury was sufficiently instructed upon this point.

Appellant complains of the refusal of the court to give tendered instruction Number 4, which told the jury that before they were authorized to return a verdict of guilty, each and every juror must have a conscientious conviction that there is no reasonable doubt of the appellant's guilt, and the fact that an affidavit had been filed against him, charging him with the crime of burglary, raised no presumption of his guilt, etc. The tendered instruction Number 4 is fully covered by the court's instruction Number 4 and by appellant's instruction Number 3, both given to the jury.

The court's instruction Number 4 told the jury that the fact that an affidavit had been filed against the defendant raised no presumption of guilt, and the jury should not consider that fact as bearing upon the guilt or innocence of the defendant, and that the affidavit itself was no proof of his guilt. There was no error in refusing this instruction.

Appellant next predicates error upon the court's refusal to give his tendered instruction Number 5. The first paragraph of that instruction is upon the question of reasonable doubt and is fully covered by other instructions given.

The last paragraph of the instruction is as follows:

"Walking into the garage at a time when the doors were open, and which could be done without removing a latch or turning the door knob, or doing any other thing which was necessary to be done, before the garage could be entered, would not be breaking within the meaning of the law, and unless you find, beyond a reasonable doubt, that there was a breaking, as defined in these instructions, which was necessary to, and did enable the defendant to enter the garage,

then I instruct you that you should find the defendant 'not guilty.'"

We do not think there was reversible error in refusing this instruction. Section 10-701, Burns' Ann. St. 1933 (§2441, Baldwin's 1934), defining the crime of second degree burglary, and under which appellant was charged, does not require a "breaking." The language of the statute is, "Whoever in the nighttime or daytime, *breaks or enters*, etc." Under the statute defendant might have been guilty even though there had been no breaking whatsoever. The instruction told the jury that the evidence must show a breaking before there could be a verdict of guilty. This is not true under the wording of the statute.

Appellant's tendered instructions numbered 6 and 9 are upon the question of reasonable doubt and that the evidence must satisfy the jury to the exclusion of every reasonable doubt, that at the time of breaking and entering the garage, the appellant intended to steal and carry away the goods, etc. These instructions are fully covered by other instructions given by the court.

Appellant's tendered instruction Number 11 contains a partial recital of his defense, in which he claimed that the prosecuting witness had loaned to him the use of the automobile, and that he was holding it for the prosecuting witness with no intent to steal, fully expecting to return it when he saw the prosecuting witness. This testimony was controverted by the state. An instruction is properly refused which singles out a portion of the evidence and undertakes to direct the jury as to its duties without a consideration of other evidence in the case.

The appellant makes various objections to the court's refusal to give his tendered instruction Number 12, in

which he asked that the jury be told that to authorize a conviction upon a charge of burglary in the second degree, it must be shown beyond a reasonable doubt that the garage of Randolph was broken into *in the nighttime,* and that the breaking was done by the defendant. The appellant particularly emphasizes that the state's proof must show that the entering of the garage was *in the nighttime.* The statute provides that:

"Whoever in the nighttime or daytime, breaks or enters . . ."

There is no different punishment prescribed for a breaking in the nighttime and a breaking in the daytime. As far as the crime and punishment are concerned, it is immaterial when the burglary was committed. There was no daytime burglary at common law. It is a creature of statute. In Indiana there is no distinction between the two. When the affidavit charged that the garage was entered *in the nighttime* nothing was added to the charge against the appellant. The phrase "in the nighttime" may be treated as surplusage.

It was held in *State* v. *Neitzel* (1912), 155 Iowa 485, 136 N. W. 532, that in a burglary trial, error in instructing that the offense of breaking and entering a store in the daytime was included in the charge of a breaking in the nighttime, was harmless where accused was found guilty of the offense charged. In discussing that question the court said:

"It will be observed that the distinction between a felonious breaking and entering in the nighttime and in the daytime has application only where the alleged burglary is of a dwelling house, and that burglary of the other buildings named has reference to such breaking and entering 'at any time' without respect to whether the act be done in the daytime or nighttime. It follows, we think, that the words 'in the nighttime' found in this indictment are to be treated as surplusage and that, even if

there was an entire failure to prove this fact, it would not prevent a valid conviction if the breaking and entering with intent to steal were otherwise established."

When the appellant requested the court to instruct the jury that the evidence was not sufficient to convict unless it showed that the appellant entered the garage in the nighttime, he asked something that the law does not warrant.

This instruction is also subject to the same objection as appellant's instruction No. 5, *supra.* There was no error in refusing the instruction.

Appellant also questions the sufficiency of the evidence to support the verdict. This question we need not discuss or decide as the case must be reversed on the question of instructions, and the evidence may not be in all respects the same in another trial.

Judgment reversed with instructions to the trial court to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

The clerk of this court is hereby directed to issue proper notice to the Warden of the Indiana State Prison to release the prisoner to the proper officers of Vanderburgh County.

Tremain, J., dissents.