STATE OF IOWA, Appellee, v. ALPHONSO RODRIGUEZ, Appellant.

No. 46866.

JANUARY 14, 1947.

James E. Patterson, of Cedar Rapids, for appellant.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, William W. Crissman, County Attorney, and Carl Hendrickson, Assistant County Attorney, for appellee.

HALE, J.—The defendant, by county attorney's information, was accused of the crime of rape, by force and against her will, of a woman over seventeen years of age, as defined in section 698.1, Code of 1946 (section 12966, Code of 1939). The crime is alleged in the information to have been committed October 13, 1945. Following a plea of not guilty the cause was tried to a jury, which returned a verdict of guilty, and on the overruling of exceptions to instructions and motion for new trial defendant was sentenced to imprisonment in the reformatory. From the judgment and sentence defendant appeals.

The evidence showed admissions of the defendant as to intercourse, and neither on the trial of the case nor here did he deny the fact of such intercourse but alleged consent. His appeal is based only on certain claimed errors in instructions. So it is not necessary to go into the testimony to any great extent.

The act occurred late at night, in a secluded place, after a drive by a party of two men and two women in an automobile from Cedar Rapids to Marion. After leaving one of the two young women at her home in Marion, the other woman and the two young men returned to Cedar Rapids, thence to a factory shed on the outskirts of the town, where the prosecuting witness testified she was overcome by the violence of her escort, the defendant. She testified she made resistance for a considerable time—she says two hours—and claims she called to the other man, who remained in the car at some distance. He says he did not hear. Either he did not hear or did not want to interfere. At any rate, the defendant accomplished his purpose. On their

return the woman made immediate complaint to the police. The above is an outline of the facts as developed by the testimony. The sufficiency of the evidence to constitute a question for the jury is not challenged. It is enough to say that there was evidence of resistance on the part of the woman sufficient to authorize the jury to return a verdict of guilty. She testified fully to the facts and extent of the resistance offered and there were circumstances which tended to support her testimony.

■ I. Defendant's first assignment of error is that the court erred in giving the last paragraph of Instruction No. 3, which instruction sets out included offenses. This paragraph of the instruction directs the jury to acquit the defendant of any and all offenses of which they have a reasonable doubt and convict him, if at all, of the highest offense submitted of which they are satisfied beyond a reasonable doubt he is guilty. The objection made is that such paragraph "singles out the highest offense and directs the jury's attention to convict the defendant if at all of the highest offense." His objection is also that the paragraph gave undue prominence to the highest offense "and secluded the lesser offenses." Defendant's argument, however, in referring to the paragraph omits the line, "of which you are satisfied beyond a reasonable doubt he is guilty." The paragraph is not subject to the objection made and is clear and could not be misunderstood.

■ II. The defendant claims that the court erred in giving written additional Instructions No. 4-A and No. 9-A to the jury after the jury was in disagreement and after they had deliberated for about nineteen hours.

The jury were instructed and retired at 2:25 in the afternoon of November 29th, and at 9:25 a.m. the next day, at their request, were returned to the courtroom for additional instructions. After some delay additional instructions were given them and they retired to the jury room at 11:15 a.m. and returned with their verdict at 12:20 p.m. It seems that the question in the minds of the members of the jury was as to resistance.

The action of the court in giving such instructions was fully authorized by law and upheld by our decisions. Section 784.2, Code of 1946 (section 13911, Code of 1939), is as follows:

"After the jury has retired for deliberation, if there be any disagreement as to any part of the testimony, or if it desires to be informed on any point of law arising in the cause, it must require the officer to conduct it into court, and, upon its being brought in, the information required must be given as provided by law, in the presence of or after oral notice to the county attorney and defendant's counsel." See State v. Hunt, 112 Iowa 509, 84 N. W. 525; State v. Pitts, 11 Iowa 343; 23 C. J. S. 1045, 1046, section 1376(c), cited by the State.

Defendant cites various cases concerning the giving of additional instructions: State v. Peirce, 178 Iowa 417, 159 N. W. 1050; State v. Mace, Mo. Sup., 278 S. W. 718; State v. McNabb, Mo. Sup., 267 S. W. 606; none of which supports his contention. The Peirce case, in particular, was of the type sometimes given urging agreement, but itself points out that the court may give such instructions. They were given in this case at the request of the jury, as was proper.

III. As to the additional instructions: Defendant does not claim that they are incorrect statements of the law but that they repeated original instructions "marshalling the evidence by special mention" and gave undue prominence to a particular phase or feature that the jury asked about.

The complaints as to the wording of the instructions have little foundation. Instruction No. 4 consisted of explanations and definitions of the crime and referred to proof of force or violence and to the showing of resistance necessary in order to constitute the crime. Number 4-A merely amplified that part of the former instruction as refers to the necessary proof of want of consent, explaining the wording "resistance to the extent of her ability." It necessarily referred to and repeated portions of the previous instruction in so amplifying it but did not emphasize any particular part. The same may be said of Instruction No. 9 and No. 9-A. No. 9-A was an extension of No. 9 but was not open to the criticism of defendant. It referred only to assault with intent to commit rape. It correctly supplements the original by telling the jury that if there was consent, but if, before consent was given, it appears from the evidence, beyond a reasonable doubt, that defendant used such force as to

evince an intention to commit rape, defendant may nevertheless be convicted of an assault with intent to commit rape. The instruction was correct. State v. Atherton, 50 Iowa 189, 32 Am. Rep. 134; State v. Cross, 12 Iowa 66, 79 Am. Dec. 519; State v. Pilkington, 92 Iowa 92, 60 N. W. 502; 52 C. J. 1031, section 43. And, since the defendant was convicted of the higher offense, he cannot now complain of this instruction as to assault with intent to commit rape. State v. Neitzel, 155 Iowa 485, 136 N. W. 532, cited in State v. Evenson, 237 Iowa 1214, 1221, 24 N. W. 2d 762, 766. These additional instructions were connected with the original instructions by No. 9-B, which directed that they should be considered with Nos. 4 and 9, as well as with all other instructions given. There was no error in these instructions, given at the jury's request. They correctly answered the question of law as to which the members of the jury seemed in doubt and supplied the needed information. Under the statute it was the duty of the court to assist the jury to a clearer understanding of the questions involved.

Some suggestions were made in argument as to the shortness of time between giving of the additional instructions and the return of the verdict. Also as to the use of the word "evince" as being unusual. We find no merit in these contentions.

The State, before the case was submitted, filed a motion to strike from the record defendant's second amendment to the record. This motion was, by the court, ordered to be submitted with the case. This motion is overruled.

Having considered the record and arguments, we find no error in the proceedings and the cause is affirmed.—Affirmed.

All JUSTICES concur.