MADDEN *v.* STATE OF INDIANA.

[No. 169S14. Filed September 14, 1970. No petition for rehearing filed.]

*Lawrence D. Renfro,* of New Castle, for appellant.

*Theodore L. Sendak,* Attorney General, *Aaron T. Jahr,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from a judgment of the Henry Superior Court wherein the appellant, following a trial by jury, was convicted of first degree burglary and theft against property.

This action was commenced on January 8, 1968, by the filing of an affidavit in two counts. The affidavit reads in pertinent part as follows:

"(T)hat David Madden on the 6th day of January, 1968 at and in the County of Henry, and State of Indiana, did then and there unlawfully, feloniously and burglariously break and enter into the dwelling house of Clifford Denney

(sic), situate at 925 S. 14th Street, New Castle, Henry County, Indiana, in which said Clifford Denney (sic) there lived, with intent to commit a felony, to-wit: knowingly obtain and exert unauthorized control over the property of the said Clifford Denney (sic), with intent to permanently deprive the said Clifford Denney (sic) of the use and benefit thereof, by taking, stealing and carrying away said property, the said Clifford Denney (sic) having the right to the possession of said property, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.

COUNT II

And this affiant further says, upon his oath that David Madden, on the 6th day of January A.D. 1968, at and in the County of Henry, and State of Indiana, did then and there unlawfully commit the crime of theft in that he knowingly, unlawfully and feloniously obtained and exerted unauthorized control over property of Clifford Denney (sic) of 925 S. 14th Street, New Castle, County of Henry, State of Indiana, to-wit: one (1) .22 Ruger revolver of the approximate value of Thirty-five Dollars ($35.00) intending to deprive the said Clifford Denney (sic) permanently of the use and benefit of said property, by taking, stealing and carrying away said property, the said Clifford Denney (sic) having the right to the possession thereof, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

Appellant was arraigned January 11, 1968, and entered a plea of not guilty to the crimes charged. The trial of this cause commenced September 30, 1968; on October 1, 1968, the jury returned its verdict finding appellant guilty on both counts as charged in the affidavit. The court thereupon ordered a precommitment report be filed by the Probation Officer of said county. On October 11, 1968, the court sentenced appellant, on Count I (First Degree Burglary), to the Indiana State Prison for a period of not less than ten (10) nor more than twenty (20) years and disfranchised him and rendered him incapable of holding any office of trust or profit for a period of one year. The court also sentenced appellant on Count II (Theft) to the Indiana State Prison for a period of one year.

On October 31, 1968, appellant filed his motion for new trial and affidavit in support thereof, said motion and affidavit reading in pertinent part as follows:

"The defendant in the above entitled cause moved the Court for a new trial herein on each of the following grounds:

1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict of the jury is contrary to law.

3. Error of law occurring during the trial in that the Court refused to grant defendant's request for a change of venue from the County upon defendant informing the Court that he believed he could not have a fair trial in this County and the further reason that the Deputy Prosecuting Attorney had been the defendant's attorney on other matters including matters which were still pending.

4. Error of law occurring during the trial in refusing to grant the defendant's motion for directed verdict filed at the close of State's evidence.

5. Error of law occurring in the giving of Court's instructions numbered 11 and 14 over objection of defendant.

6. The verdict of the jury is based on alleged statements of the defendant to the effect that he did break and enter without any proof in the record of the defendant having even been near the scene of the crime excepting for the extra-judicial statements of the defendant. The corpus delicti of the crime was never established.

7. Further prejudicial error occurring when the bailiff carried an answer to the jury from the Judge concerning a question in the minds of the jurors. The defendant was entitled to be present at all times when the jury was given any additional word or instruction by the Court. At the time this question and answer was given, the defendant was waiting in jail for the jury to return.

8. Further error and misconduct occurring when the bailiff in charge of the jury requested that the Deputy Prosecuting Attorney watch the jury for him while he ran an errand.

9. The right guaranteed to the defendant by Article I, Section 14, of the Indiana Constitution and the fifth and fourteenth amendments to the U. S. Constitution were violated in that defendant was required to testify against himself through alleged statements admitted in evidence, and in not being advised of his Constitutional rights.

10. The Court committed reversible error in permitting the jury to speculate as to guilt, upon illegal, insufficient and hearsay evidence, and extra judicial statements and in allowing the jury to pyramid inference upon inference.

11. The Court erred in not instructing the jury concerning the lesser offenses included in the charge of First Degree Burglary.

12. That the jury was not properly instructed and did not understand the law in that upon their finding of guilty of First Degree Burglary they disfranchised defendant for a term of one (1) year which proves confusion as to the law and their duties as jurors * * *."

## AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION FOR A NEW TRIAL

"The affiant, Lawrence D. Renfro, being first duly sworn upon his oath says:

1. That he is the attorney for the defendant David Madden.

2. That while the jury was deliberating the Bailiff approached the Judge with a question from the jury which question is not known to affiant but the Judge's answer of 'they have no choice in the matter' or words to that effect leads affiant to believe that it did concern the case and indicated a violation of defendant's right to be present at all times. (Ewbank Indiana Criminal Law Vol. 1, Sec. 440 and cases there cited)

3. That while the Jury was deliberating the bailiff in charge requested that the Deputy Prosecuting Attorney 'watch' the jury for him while he was absent for a few minutes.

That the foregoing statements are true and are based on knowledge of this affiant who was present and heard the remarks above."

Appellant's motion for new trial was overruled on November 8, 1968. Appellant's sole Assignment of Error is that: "1. The Court erred in overruling appellant's motion for new trial."

From the evidence adduced at trial, viewed in a light most favorable to the State, it appears that on January 6, 1968, Clifford Denny was the owner of certain property located at

925 S. 14th Street in New Castle, Indiana, said property being a house of human habitation. On said date Denny and his family went to Markleville to visit friends, and upon their return Denny discovered that his house had been broken into and a .22 pistol, holster, and belt stolen. A few days later appellant went to Denny's home and admitted that it was he who had broken into the residence and had stolen the pistol. He returned the stolen property at such time. Appellant stated that he was drunk at the time he broke into complainant's home, and then he begged Denny not to report the incident to the police. Denny said he would not press charges against appellant because he had returned the stolen property, but apparently did so later.

Mrs. Denny testified that when appellant came to the house he told her that he thought he was going into the home of a relative of his, one Vernon Thompson, to get a shotgun. For some time prior to this incident, Thompson had rented certain apartments from Denny on the property in question.

Edna Bryant, with whom appellant had been living at the time of this incident, testified that she had seen appellant in her home on the evening of January 6, 1968, with a pistol. She stated that appellant told her to get rid of the holster and belt, and that he had previously found the pistol.

On appeal appellant initially argues that the trial court committed reversible error in giving its final instructions numbered 11 and 14 over the objections of his counsel. Instruction No. 11 reads as follows:

"Voluntary intoxication will not excuse crime. If the defendant was drunk, it was his own fault, and he can not claim any immunity by reason of his intoxication. It was his duty to keep sober, and if he voluntarily permitted himself to become intoxicated, and while so intoxicated he committed the crime charged in any form, he is guilty and should be punished precisely the same as though he had been sober. It is not the law that a man may voluntarily become intoxicated, and commit crime, and escape punishment by reason of such intoxication, but upon the other hand it is the law that he cannot use his own voluntary

intoxication to escape the consequences of his acts while so intoxicated."

Appellant's objection was that the giving of this instruction was prejudicial to him in that no defense of intoxication was set up. More specifically, he argues that said instruction was not applicable to the evidence and, therefore, should not have been given.

In *Reed* v. *State* (1894), 141 Ind. 116, 40 N. E. 525, this Court stated:

"We concur with his counsel that it is settled by the decisions of this court that instructions should be relevant to the issues in each particular case, and applicable to the facts and evidence therein.

If there were any facts or circumstances in the case, although quite meager, to which the instructions might, upon any view, be pertinent, provided they were correct in the statement of the law, it would not be error for the court to give them, although they were so given to the jury over the protest and disclaimer of appellant's counsel."

Since there was evidence presented to the trial court concerning appellant's intoxication at the time of the crime (direct examination of Clifford Denny, Tr. p. 102), and since the above-mentioned instruction contained a correct statement of the law, we hold that the giving thereof was not error.

Instruction No. 14 reads as follows:

"If the state has proved, beyond a reasonable doubt, that the goods or property described in the affidavit was stolen, and that such goods or property, or any part of them or it was recently, after the larceny, found in the exclusive possession of the accused, then the laws imposes upon him the burden of accounting for his possession, and of showing that such possession was innocently acquired; and if he fails to do so, or gives a false account of his possession, *the presumption arises that he is the thief.*" (Emphasis supplied)

Appellant's objection to the giving of said instruction was to the effect that the presumption contained therein tends

to mislead the jury and places a burden on the defendant in the court below not intended under our law.

In the case of *Dedrick* v. *State* (1936), 210 Ind. 259, 2 N. E. 2d 409, the following instruction was given by the trial court:

"If the State of Indiana has proved that the property described in the affidavit was stolen, and that such property was, after the larceny, found in the exclusive possession of the defendant, then the law imposes upon him the burden of accounting for his possession and showing that such possession was innocently acquired, and if he fails to do so or gives a false account of his possession the presumption arises that he has unlawfully acquired the possession of such property."

The appellant in that case specifically questioned the correctness of the trial court giving said instruction to the jury on the grounds that: (1) it had the effect of removing from him the presumption of innocence to which he is entitled and which attends him throughout the trial; (2) said instruction invades the province of the jury—that the jury is the judge of the facts and the law in all criminal cases, and the court exceeded its lawful function in telling the jury that the proof of certain facts raises the presumption of his guilt as a matter of law. The appellant in the case at bar raised substantially the same objections to the giving of instruction No. 14.

With respect to the above-mentioned instruction, given by the trial court in the case of *Dedrick* v. *State, supra,* this Court stated:

"I may be said, however, in this connection that a trial court in charging a jury in respect to the presumption of a fact should not go further than to direct the attention of the jury to their right to draw the inference. *It is not proper for the court to attach weight or value to such inference or inferences, as that is the exclusive province of the jury.* * * *

If the court has the right to give the instruction here in question, it would necessarily follow that in all cases where stolen property was recently found in the exclusive possession of the defendant, and unless the defendant explains

his possession, or if he gives a false account of his possession, the court, under such circumstances, instead of giving the above instruction should direct the jury to return a verdict of guilty, as such presumption, in the absence of evidence explaining such possession, would become absolute and the jury would have no alternative in the matter. If the defendant sees fit to not testify after the state has proven that the goods in question had been recently stolen, and soon thereafter found in his exclusive possession, he thereby runs the risk of the jury reaching the conclusion and drawing the inference that he is the thief. Such evidence, of course, is always competent, but under our constitution the jury are the exclusive judges of the facts as well as the law in criminal cases, and the court has no right to attach any weight or presumption or inference to the evidence in the case. * * *

* * * *Any instruction,* whether or not it is based upon a legislative enactment, *which undertakes to* tell the jury that certain evidence is sufficient to establish the ultimate fact of criminal intent, or any other ultimate fact, or to *create a presumption of such an ultimate fact, invades the constitutional province of the jury.*" (Emphasis supplied)

We, therefore, hold that the trial court erred in submitting to the jury Final Instruction No. 14 for the reason that said instruction effectively deprived the jury of its function exclusively to determine whether or not the proof in any given case proves the defendant guilty of the crime charged beyond a reasonable doubt.

"It is the exclusive province of the jury to determine, from all the facts and circumstances in the case, the defendant's guilt or innocence, and any instruction by the court which in any manner takes from the jury this exclusive duty, or which attaches weight to certain evidence, or which would in any manner place the burden upon the defendant to prove his innocence or introduce evidence to create a reasonable doubt in the minds of the jury, is erroneous." *Dedrick* v. *State, supra,* at page 272.

The State contends that, assuming that the giving of Final Instruction No. 14 was indeed error, the error committed by the trial court was harmless and would not result in a reversal of the judgment because "the conviction was clearly sustained

by the facts established by the evidence \* \* \*." (Appellee's Brief, p. 6)

In *Dedrick* this Court distinguished those cases where the precise question in issue here is raised upon the assignment of error that the verdict of the jury is not sustained by sufficient evidence from those cases where such question is raised by an attack upon an instruction given to the jury. The appellant in *Dedrick,* as did appellant in the case at bar, attacked the precise language of the instruction itself, and this Court, without reaching the question of sufficiency of the evidence to support the verdict, stated:

> "We think the above instruction deprived appellant of a substantive right, and for this reason the case must be reversed."

The giving of Instruction No. 14 in the case at bar deprived appellant of a substantive right, that being the right to have the jury independently assess the merits of his case and arrive at a determination of his guilt or innocence free from any and all unnecessary, external influences and coercion imposed upon it by the court through its erroneous instruction.

Appellant raises other questions for our consideration; however, we need not decide them at this time due to the fact that this case must be reversed on the question of improper instructions.

The judgment of the trial court is reversed, and this cause is remanded with instructions to sustain appellant's motion for new trial.

Hunter, C.J., Arterburn, DeBruler and Givan, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 847.