GORDON L. ABEL *v.* STATE OF INDIANA.

[No. 1-175A15. Filed September 16, 1975].

*William G. Smock,* Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert M. Lingenfelter,* Deputy Attorney General, for appellee.

## ISSUES:

LOWDERMILK, J.—The issues presented for review in this cause are:

(1) Whether the theft statute is unconstitutional in that it makes an arbitrary classification and penalty for theft of an automobile when the penalty for other acts of theft is determined by the value of the item.

(2) Whether the court committed reversible error in giving State's Instruction No. 1.

(3) Whether the court committed reversible error in giving State's Instruction No. 2.

(4) Whether the court committed reversible error in not sentencing the defendant to one year, pursuant to the verdict returned by the jury.

## STATEMENT OF THE FACTS:

On July 17, 1974, Noeleana M. Pierce parked her 1964 automobile at a grocery in Terre Haute and when she returned the same was gone from the parking lot. She reported it to the police, who put the alert on the air and the car was shortly thereafter stopped by the West Terre Haute Police.

Defendant Abel was alone in the car. After being stopped by the police he got out of the car and asked the police why they had stopped him, as he was the owner of the car. This claim was volunteered by Abel even before the police had spoken to him. Abel showed evidence of being under the influence of intoxicating liquor.

## STATEMENT OF THE CASE:

Defendant-appellant Abel was charged with the crime of theft on the 17th day of July, 1974. Thereafter, pauper counsel was appointed. Abel waived arraignment and entered a plea of not guilty. On August 13, 1974, his trial was concluded by a jury returning a verdict of guilty of theft of a motor vehicle, wherein he was fined in the sum of $200.00, sentenced to a term of one year, and disfranchised. The court, however, overruled the verdict as to the punishment it imposed, and instead sentenced Abel to a one to ten year term, pursuant to the theft statute hereinafter set out.

## ISSUE ONE:

Abel contends that the theft statute, IC 1971, 35-17-5-12, Ind. Ann. Stat. § 10-3039 (Burns Supp. 1974), is unconstitu-

tional in that it makes an arbitrary classification and penalty for theft of an automobile, when the penalty for other acts of theft is determined by the value of the item stolen; that the theft statute is unconstitutional in that it gives a higher penalty for the theft of an automobile with a value of under $100 than it does for the theft of other property with a similar value.

Section 35-17-5-12 provides, in part, as follows:

"(1)    A person convicted of theft of property not from the person and of less than one hundred dollars [$100] in value shall, except as otherwise provided in this section, be fined not more than five hundred dollars [$500] or imprisoned for not more than one [1] year, or both, or such person may be imprisoned in the state prison not less than one [1] year nor more than five [5] years, and fined in a sum not exceeding five hundred dollars [$500] and be disfranchised and rendered incapable of holding any office of profit or trust for any determinate period.

\* \* \*

(3)    A person convicted of theft of property of one hundred dollars [$100] or more in value shall be fined in any sum not exceeding five thousand dollars [$5,000] or imprisoned for not less than one [1] year nor more than ten [10] years, or both, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period.

\* \* \*

(5)    A person convicted of theft shall be fined in any sum not exceeding five thousand dollars [$5,000] or imprisoned for not less than one [1] year nor more than ten [10] years, or both, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period regardless of the monetary value of the stolen property if:

\* \* \*

(d)    the property stolen is a motor vehicle or is a gun suitable for use as a firearm. . . ."

Abel further claims the higher penalty clause for theft of an automobile constitutes cruel and unusual punishment and constitutes a denial of due process of law and a violation of equal protection of the laws.

In *State ex rel. Miller* v. *McDonald* (1973), 260 Ind. 565, 297 N.E.2d 826, our Supreme Court said:

"The Equal Protection Clause does not prevent a state or municipality from indulging in *reasonable* legislative classification. *Graham* v. *Richardson* (1971), 403 U.S. 365, 91 S. Ct. 1848, 29 L. Ed. 2d 534. Generally speaking, if a classification is shown to have any rational or reasonable basis, it will be sustained. *Graham, supra; United States* v. *Maryland Savings-Share Ins. Corp.* (1970), 400 U.S. 4, 91 S. Ct. 16, 27 L. Ed. 2d 4. Normally, the enactment is presumed to be valid; the burden being on the party challenging its validity to overcome such presumption. *Graham, supra; San Antonio Independent School District* v. *Rodriguez* (1973), 411 U.S. 1, 93 S. Ct. 1278, 36 L. Ed. 2d 16." (Original emphasis.) 297 N.E.2d at 829.

Abel's claim is more appropriately directed to Art. 1, § 16 of the Indiana Constitution, which provides in part that "[a]ll penalties shall be proportioned to the nature of the offense." In *Clark* v. *State* (1974), 160 Ind. App. 206, 311 N.E.2d 439, 440, Judge Robertson discussed this same issue:

"As a general rule, the courts do not question a particular punishment prescribed by statute. As stated in *Landaw* v. *State* (1972), [258] Ind. [67], 279 N.E.2d 230, '[i]t is clearly within the sole power of the Legislature to fix the punishment for crimes, IC 1971, 1-1-1-2, being Burns' § 9-2401. . . .' Moreover, the courts may not judicially alter the punishment provided by statute even if it seems excessive or inappropriate.

'[W]hile fines and penalties should not be excessive, and must be proportioned to the nature of the offense, that does not mean that this court can set aside a conviction and sentence, within the statute, merely because on the record it may seem severe.' *Blue* v. *State* (1946), 224 Ind. 394, 400, 67 N.E.2d 377, 379.

A penalty provided by the legislature may be set aside by the courts only if it is unconstitutional. *Landaw* v. *State, supra; Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815.

Art. 1, § 16 of the Indiana Constitution provides in part: '[a]ll penalties shall be proportioned to the nature of the offense.' The accessory statute pursuant to which Clark was sentenced, IC 1971, 35-1-29-3, Ind. Ann. Stat. § 9-103 (Burns 1956), states that the punishment for the accessory

shall be the same as that provided for the principal. Clark contends that the statute thus violates the constitutional provision calling for proportionate penalties. This contention is not supported by Indiana law.

Most cases dealing with art. 1, § 16 have concerned lesser included offenses. Statutes often provided for a greater possible penalty for the lesser included offense than was provided for the greater offense. However, the Indiana Supreme Court, relying on art. 1, § 16, has held that the penalty for the lesser included offense may not be greater than that provided for the greater offense. *Dembowski* v. *State, supra; Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498. It must be noted, however, that the penalty for a lesser included offense may be *equal* to that for the greater offense. Art. 1, § 16 prohibits only a greater penalty for the lesser included offense. *Brown* v. *State* (1973), [261] Ind. [169], 301 N.E.2d 189. Burns § 9-103 provides that the penalty for the accessory is the *same* as that for the principal. Therefore, analogizing the offense of accessory to a lesser included offense would still not support appellant's contention that the accessory statute violates art. 1, § 16.

*In fact, the offenses of rape and accessory after the fact of rape are separate and distinct. As such the legislature may properly impose a penalty for one of the offenses which need not be proportionate to the penalty provided for the other. Cf. Lane* v. *State* (1972), [259] Ind. [468], 288 N.E.2d 258." (Our emphasis.) 311 N.E.2d at 440.

In the case at bar, it is clear that two separate offenses are not committed when a car worth less than $100 is stolen. Inasmuch as there is no lesser included offense here involved, there can be no violation of the constitutional mandate in Art. 1, § 16 of the Indiana Constitution. *Clark* v. *State, supra.*

## ISSUE TWO:

Abel's next assignment of error concerns State's Instruction No. 1 that was read to the jury, and is in words and figures as follows, to-wit:

"While it is necessary that every essential element of the crime charged against the accused should be proved by the evidence beyond a reasonable doubt, this does not mean that all incidental or subsidiary facts should be

proved beyond a reasonable doubt. Evidence is not to be considered in fragmentary parts and as though each fact or circumstance stood apart from the others, but the entire evidence is to be considered and the weight of the testimony is to be determined from the whole body of the evidence. A circumstance considered apart from other evidence may be weak, if not improbable, but when viewed in connection with surrounding facts and circumstances, it may be so well supported as to remove all doubt as to its existence. Acts considered apart from other evidence may appear innocent, but when considered with other evidence may import guilt."

Abel timely filed his written objection to said instruction, which objection reads as follows, to-wit:

"Defendant objects to State's Instruction Number One as being so vague as the Jury could not possibly understand when (sic) the instruction means. They fail to define what is an essential element and they fail to define what are incidental and subsidiary facts. Although the Supreme Court has recently ruled on this instruction, I feel that the fact that there is no explanation and no giving of what are the essential elements of this crime, the instruction must have to fail when that fact is considered with the instruction, and the fact that there is no definition of what would be essential elements or what are subsidiary elements of facts."

This same instruction was approved by our Supreme Court in *Ringham* v. *State* (1974), 261 Ind. 628, 308 N.E.2d 863, 867, where the court said:

"Appellant cites *White* v. *State* (1955), 234 Ind. 209, 125 N.E.2d 705, which holds that the use of the term 'subsidiary evidence' is ambiguous and could only serve to confuse the jury in a manner prejudicial to an appellant. However, the Court went on to say:

'For example, evidence of a subsidiary fact and subsidiary evidence of a primary fact are obviously distinguishable, but application of the terms by laymen to the evidence could only serve to confuse the issues.' 234 Ind. 213-214, 125 N.E.2d 706.

In the case at bar the instruction complained of does not use the term 'subsidiary evidence' but correctly uses the term 'subsidiary facts.' The instruction as given in this case is proper.

It is proper for a court to instruct a jury that every material element of the crime charged should be proved beyond a reasonable doubt. However, this doctrine has no application to every incidental or subsidiary fact. It is the evidence in its entirety which is to be weighed and considered as to whether or not as a whole the evidence has established every material element of the crime charged beyond a reasonable doubt. 8 I.L.E. Criminal Law § 343."

## ISSUE THREE:

Abel also challenges State's Instruction No. 2, which reads as follows:

"The exclusive possession of stolen property soon after a theft or burglary has been committed, if not explained to the satisfaction of the jury, may raise an inference that the person in possession of such stolen property is guilty of the theft or burglary charged. The inference of guilt does not arise from the mere possession of the property stolen, but arises from the fact of its possession shortly after it has been stolen, coupled with the absence of a satisfactory explanation, or of anything tending to show that such possession is or may be consistent with innocence. In this case, evidence has been presented by the State showing that a certain automobile allegedly taken by a theft from Noeleana Pierce, was in the possession of the defendant shortly after the alleged theft. The jury, in its deliberations, should consider the evidence offered by the State in the light of all the other evidence in the case, giving such credence to witnesses and such weight to the evidence as the jury believes is warranted."

The verbatim objection to State's Instruction No. 2 reads as follows:

"State's Instruction Number Two is a flagrant example of the watering down and the complete throwing out by the Court of the theory that a man is presumed innocent until proven otherwise and the fact that a man, if he is standing trial as the accused, does not have to explain any fact whatsoever. This instruction, saying that there is an inference of guilt by having possession of stolen property soon after it is taken, is in direct conflict with presumption of innocence and the fact that a man does not have to explain anything, that the State has the sole burden of proof. The fact that they say, coupled with the absence of a satisfactory explanation, is against the constitutional privilege

of a Defendant not to take the stand in his own behalf, and completely destroys that theory to the point that the jury was so prejudiced that the Defendant may have been found guilty just because of the watering down of the fact that he does not have to take the stand.

The defense further objects that the instruction states that an automobile was taken from Noeleana Pierce, which gives the idea that the State proved, at least, that it was her automobile. This is an essential element and there was not sufficient proof to do this, but this instruction would tend to indicate that the State had proven this and thus, also, so prejudices the Defendant's case as to call for a reversal."

The first objection raised by Abel has been the subject of a long line of Indiana cases on the point. After many years of confusion and apparent contradiction, the Supreme Court, in the landmark case of *Dedrick* v. *State* (1936), 210 Ind. 259, 2 N.E.2d 409, laid down the rule that is still the controlling precedent in the area. In its lengthy opinion, the court made several statements that are helpful in the consideration of the case at bar.

The defendant in the *Dedrick* case was charged with the commission of the crime of burglary in the second degree. An automobile had been stolen from a locked garage, and later the car was found in the defendant's possession. There was no other evidence. Dedrick alleged the court erred when it gave the following instruction:

"If the State of Indiana has proved that the property described in the affidavit was stolen, and that such property was, after the larceny, found in the exclusive possession of the defendant, then the law imposes upon him the burden of accounting for his possession and showing that such possession was innocently acquired, and if he fails to do so or gives a false account of his possession, the presumption arises that he has unlawfully acquired the possession of such property." 210 Ind. at 260.

The court first noted that the question has been raised in two different settings:

"The difficult and perhaps fruitless question presented by the giving of the above instruction has given this court,

as well as courts of other states and text writers, much difficulty. There is by no means harmony in our own decisions upon this question. This question has been discussed from two angles. First, when it is raised upon the assignment of error that the verdict of the jury is not sustained by sufficient evidence, and second, by an instruction to the jury. It will be noted in the decisions hereinafter referred to, that where the question is presented upon the insufficiency of the evidence to sustain the verdict, the court cites indiscriminately the cases where the question was presented both on the insufficiency of the evidence and by an instruction. Perhaps certain language used in the cases where the principal is discussed upon the sufficiency of the evidence has misled the court when applying rules of law upon instructions to the jury." 210 Ind. at 261.

The court traced the history of the various cases decided since 1850, and decided that the instruction given by the trial court was in error. In so doing, it overruled several previous cases. The defect in the instruction, as explained by the court is:

". . . The objection to such an instruction lies not in the omission to tell the jury whether it is a presumption of law or a presumption of fact, but the error consists in taking from the jury the right for them to determine whether or not the proof of such facts is sufficient to prove the defendant guilty beyond a reasonable doubt. It is the exclusive province of the jury to determine, from all the facts and circumstances in the case, the defendant's guilt or innocence, *and any instruction by the court which in any manner takes from the jury this exclusive duty, or which attaches weight to certain evidence, or which would in any manner place the burden upon the defendant to prove his innocence or introduces evidence to create a reasonable doubt in the minds of the jury, is erroneous.* It is the affirmative duty of the state in criminal cases to prove defendant's guilt beyond a reasonable doubt. *Such cases present questions of fact and the jury alone must draw any inference which might be drawn from the evidence,* and it is not for the court to say in such cases that the proof of certain facts or circumstances would, as a matter of law, create the presumption of guilt. [210 Ind. at 272.]

\* \* \*

If the court has the right to give the instruction here in question, it would necessarily follow that in all cases

where stolen property was recently found in the exclusive possession of the defendant, and unless the defendant explains his possession, or if he gives a false account of his possession, the court, under such circumstances, instead of giving the above instruction should direct the jury to return a verdict of guilty, as such presumption, in the absence of evidence explaining such possession, would become absolute and the jury would have no alternative in the matter. If the defendant sees fit to not testify after the state has proven that the goods in question had been recently stolen, and soon thereafter found in his exclusive possession, he thereby runs the risk of the jury reaching the conclusion and drawing the inference that he is the thief. Such evidence, of course, is always competent, but *under our constitution the jury are the exclusive judges of the facts as well as the law in criminal cases, and the court has no right to attach any weight or presumption or inference* to the evidence in the case." (Our emphasis.) 210 Ind. at 277.

In summation, the court stated the rule to be as follows:

"Exclusive possession by the defendant of recently stolen goods is a circumstance to be considered by the jury, and if the state proves that the goods in question have been recently stolen and soon thereafter were found in the possession of defendant, and there is no evidence in the record explaining the possession of the defendant, and if the jury under proper instruction concludes that the defendant was guilty, such evidence would be sufficient to sustain the verdict of the jury upon appeal. We do not think that a court has any right or any power to instruct the jury that the proof of certain facts raises a presumption against the defendant in a criminal case, but the court should more properly instruct the jury that all facts and circumstances as shown by the evidence should be considered by them in determining the guilt or innocence of the defendant.

Under the Constitution of Indiana the jury is the exclusive judge of the facts and the law, and it is their province to say whether or not the proof in any given case proves the defendant guilty of the crime charged beyond a reasonable doubt." 210 Ind. at 278, 279.

In *Arthur* v. *State* (1949), 227 Ind. 493, 86 N.E.2d 698, an instruction that was almost identical to the one disapproved in *Dedrick* was again criticized by the court:

"The above instruction takes from the jury the right to determine the facts and circumstances in the case as to

appellant's guilt or innocence. Any instruction by the court which in any manner takes from the jury this exclusive duty, or which attaches weight to certain evidence, or which would in any manner place the burden upon the appellant to prove his innocence, or force him to introduce evidence to create a reasonable doubt in the minds of the jurors, is erroneous. It is the affirmative duty of the State in criminal cases to prove the defendant's guilt beyond a reasonable doubt, and this burden cannot be shifted at any time to the defendant.

The instruction complained of presented questions of fact, and the jury alone must draw any inferences or presumptions which might be drawn from the evidence, and it is not for the court to say in such cases that proof of certain facts or circumstances would, as a matter of law, create the presumption of guilt. This court recognizes that whatever inference or presumption arises from unexplained possession of recently stolen property must be drawn by the jury and not by the court; that it is an inference or presumption of fact, and not an inference or presumption of law. The question must be submitted to the jury for its determination. . . ." 227 Ind. at 497.

The *Dedrick* case was once again quoted by our Supreme Court in the recent case of *Gann* v. *State* (1971), 256 Ind. 429, 269 N.E.2d 381. That court, speaking through Chief Justice Arterburn, approved the following instruction, specifically holding that the instruction was not in conflict with the rule set forth in the *Dedrick* case:

"The unexplained, exclusive possession of a defendant of recently stolen property is a circumstance which may be considered, along with the other facts and circumstances of the case, in determining the guilt or innocence of the accused. However, the mere possession of stolen goods, standing alone, is insufficient to support a conviction, and the defendant cannot be convicted on the basis of evidence of mere possession of stolen goods alone.

If you should find from the evidence, beyond a reasonable doubt, that a burglary was in fact committed on the premises involved in the case, and that within a short period of time thereafter the defendant himself or with others was found in the unexplained, exclusive possession of property identified by the evidence as that stolen from the burglarized premises, you may consider such circumstance in arriving at your verdict in this case. However, no presumption

of guilt of burglary is made or arises against a defendant merely by reason of his exclusive possession of goods which have been unlawfully and burglariously taken within a short period of time beforehand, if such be the case. Proof of the commission of the offense must be made beyond a reasonable doubt by the State, and the defendant has no burden to account for or explain for his possession of the goods, but the burden of proving his guilt beyond a reasonable doubt rests entirely upon the State, and you would not be warranted in finding the defendant guilty unless all of the elements of the offense charged have been proved by the evidence, of whatever class it may be, beyond a reasonable doubt."

The court in *Gann* squarely held that the above instruction correctly stated the law in this State. 256 Ind. at 433, 269 N.E.2d at 384.

A comparison of the instruction approved by the court in *Gann* with the instruction given to the jury in the case at bar shows that reversible error was committed by the trial court when it gave the said instruction. The language in the instruction that said that an inference of guilt may arise from possession of the goods "coupled with the absence of a satisfactory explanation" should be construed as nothing more than a comment of defendant's failure to testify, and such comment by the court is strictly forbidden if the defendant properly voices his objection. *Gross* v. *State* (1974), 261 Ind. 489, 306 N.E.2d 371. The objection was made and the error properly preserved in the case at bar.

## ISSUE FOUR:

Abel's final contention of error concerns the verdict returned by the jury, which was in words and figures as follows, to-wit:

"We, the Jury, find the defendant, Gordon L. Abel, guilty of the crime of theft of a motor vehicle and fine him in the sum of $200. (not to exceed $5000) and sentence him to the Indiana Department of Corrections for a term of 1 (not less than 1 nor more than 10 years) and finds that he be disfranchised and rendered incapable of holding any office of trust or profit for 1 year (any determinate period)."

The trial court initially expressed some question as to the validity of the verdict, but then expressed his opinion that he was bound by the verdict as delivered by the jury. He did, however, at a later date, sentence Abel to a one-to-ten year term, rather than the simple one-year term the jury had called for in its verdict. Abel contends that the trial court committed reversible error by overruling the verdict of the jury, since Article 1, § 19 of the Indiana Constitution provides:

"In all criminal cases whatever, the Jury shall have the right to determine the law and the facts."

It is clear that Article 1, § 19 of the Indiana Constitution is not meant to be absolute. It was held in *Beavers* v. *State* (1957), 236 Ind. 549, 141 N.E.2d 118, that an instruction given by the court was proper, wherein the instruction provided that the jury could not willfully and arbitrarily disregard the law nor make and judge the law as they thought it should be in any particular case, but under their oath they should honestly and justly and impartially judge the law as it exists and is found in the statutes of the state.

The proper procedure for the trial court to follow when a defective verdict is returned is to have the jury amend its verdict before its members separate. If the jury's verdict is defective in substance, it is the trial court's *duty* to have the verdict amended. *Boyd* v. *State* (1971), 257 Ind. 443, 275 N.E.2d 797; *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N.E.2d 677.

Where the verdict finds the defendant guilty of the crime charged in the indictment, but it also includes provisions for the penalty or sentence to be imposed, the courts have held that the part of the verdict concerning the imprisonment should be considered surplusage. *Boyd* v. *State, supra; Moore* v. *State* (1947), 225 Ind. 357, 75 N.E.2d 193. Once the jury finds the defendant guilty of a felony, the jury has no jurisdiction to fix the amount of the

punishment and the court must give the sentence by law. *Powell* v. *State* (1968), 250 Ind. 663, 237 N.E.2d 95. The court should send the jury back and have the verdict corrected. However, where the defendant was not harmed by the defect (i.e., there was a clear finding as to the degree of guilt) the verdict will be allowed to stand. *Boyd* v. *State, supra; Kennegar* v. *State* (1889), 120 Ind. 176, 21 N.E. 917.

While the verdict in the case at bar was defective, the defect goes only to the sentence to be imposed, not the degree of guilt of the defendant. Abel was clearly found guilty of the crime of theft of a motor vehicle. Any other statement in the verdict can only be considered surplusage. Thus, no error was committed when the trial court ignored the jury recommendation and entered the sentence proscribed by the statute.

## CONCLUSION

Inasmuch as the issues discussed above may arise in a new trial, we have considered all four errors raised by the defendant in this appeal. Having found error in State's Instruction Number 2, we find it necessary to reverse this case and remand it to the trial court for further proceedings not inconsistent with this opinion.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 333 N.E.2d 848.