RONNIE G. UNDERWOOD *v.* STATE OF INDIANA

[No. 1-1176A206. Filed September 6, 1977. Rehearing denied October 17, 1977.]

*Delson Cox, Douglas C. Leatherbury, Cox & Leatherbury,* of Salem, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant, Ronnie G. Underwood (Ronnie), appeals to this court following his conviction of theft. Ronnie contends that the trial court erred by giving the jury over his objection State's Final Instruction No. 4 which provided as follows:

> "The exclusive possession of stolen property soon after a theft has been committed, if not explained to the satisfaction of the jury, *may raise an inference that the person in possession of such stolen property is guilty of the Theft* charged. The inference of guilt does not raise from the mere possession of the property stolen, but arises from the fact of its possession shortly after it has been stolen, *coupled with the absence of a satisfactory explanation, or of anything tending to show that such possession is or may be consistent with innocence.*" (Our emphasis)

An instruction such as was given in the case at bar has been repeatedly condemned. *See, Arthur v. State* (1949), 227 Ind. 493, 86 N.E.2d 698; *Vaugh v. State* (1939), 215 Ind. 142, 19 N.E.2d 239; *Dedrick v. State* (1936), 210 Ind. 259, 2 N.E.2d 409; *Abel v. State* (1975), 165 Ind. App. 664, 333 N.E.2d 848. As stated in *Arthur, supra,* at Ind. 497, N.E.2d 700:

> "The above instruction takes from the jury the right to determine the facts and circumstances in the case as to appellant's guilt or innocence. Any instruction by the court which in any manner takes from the jury this exclusive duty, or which attaches weight to certain evidence, or which would in any manner place the burden upon the appellant to prove his innocence, or force him to introduce evidence to create a reasonable doubt in the minds of the jurors, is erroneous. *It is the affirmative duty of the State in criminal cases to prove the*

*defendant's guilt beyond a reasonable doubt, and this burden cannot be shifted at any time to the defendant."* (Our emphasis)

Further, we are of the opinion that Ronnie's failure to comply with Ind. Rules of Procedure, Appellate Rule 8.3(A)(7), or his failure to make a specific objection to the rendition of State's Instruction No. 4, does not result in a waiver of the claimed error.

In the case of *Winston v. State* (1975), 165 Ind. App. 369, 332 N.E.2d 229, at 231, Judge Sullivan noted:

". . . The 'fundamental error' doctrine permits a reviewing court to consider the merits of an improperly raised error if the reviewing court finds that 'the record reveals error so prejudicial to the rights of the Appellant that he could not have had a fair trial.' . . ."

The instruction in the case at bar authorized the jury to convict the defendant upon proof by the State that he was in possession of recently stolen property, absent evidence being presented by the defendant justifying his possession thereof. The effect of the instruction was to squarely place upon the defendant the burden of convincing the jury of his innocence and thereby undermining the fundamental rule of criminal law that the state throughout the course of a criminal trial bears the burden of proving the defendant guilty of each element of the crime of which he is charged beyond a reasonable doubt. Fundamental due process of law does not permit this burden to be shifted to the defendant.

Our Supreme Court in the case of *Gann v. State* (1971), 256 Ind. 429, 433, 269 N.E.2d 381, 383-84, approved the following correct instruction of the law.

"The unexplained, exclusive possession of a defendant of recently stolen property *is a circumstance which may be considered,* along with the other facts and circumstances of the case, in determining the guilt or innocence of the accused. However, *the mere possession of stolen goods, standing alone, is insufficient to support a conviction, and the defendant cannot be convicted on the basis of evidence of mere possession of stolen goods alone.*

If you should find from the evidence, beyond a reasonable doubt, that a burglary was in fact committed on the premises involved in the case, and that within a short period of time

thereafter the defendant himself or with others was found in the unexplained, exclusive possession of property identified by the evidence as that stolen from the burglarized premises, you may consider such circumstance in arriving at your verdict in this case. However, *no presumption of guilt of burglary is made or arises against a defendant merely by reason of his exclusive possession of goods which have been unlawfully and burglariously taken within a short period of time beforehand,* if such be the case. *Proof of the commission of the offense must be made beyond a reasonable doubt by the State, and the defendant has no burden to account for or explain for his possession of the goods, but the burden of proving his guilt beyond a reasonable doubt rests entirely upon the State,* and you would not be warranted in finding the defendant guilty unless all of the elements of the offense charged have been proved by the evidence, of whatever class it may be, beyond a reasonable doubt." (Our emphasis)

Being convinced that State's Instruction No. 4 substantially prejudiced Ronnie's right to a fair trial, we now order this case reversed and remanded to the trial court for a new trial.

Reversed and remanded.

Robertson, C.J. and Lybrook, J. concur.

NOTE—Reported at 367 N.E.2d 4.