GEORGE PHILLIPS, LAWRENCE PETERSON *v.* STATE OF INDIANA

[No. 2-1176A423. Filed June 27, 1978. Rehearing denied April 18, 1979.]

*Robert W. Hammerle*, of Indianapolis, for appellant Phillips.

*Timothy J. Burns*, of Indianapolis, for appellant Peterson.

*Theodore L. Sendak*, Attorney General of Indiana, *Alembert W. Brayton*, Deputy Attorney General, for appellee.

WHITE, J. — Phillips and Peterson were charged in a single information with two counts of First-degree burglary (Counts I and II) and one count of theft (Count III) arising out of break-ins at two residences. A jury found both guilty on all three counts and judgment was entered accordingly.

We reverse.

The evidence most favorable to the State is that deputy sheriffs responded to a call from a neighbor who had seen one man (Phillips) approach the front door of a nearby house (due to building style he could not see the door) and not reappear, and who, a couple of minutes later, had seen a car that had been parked in the street move into the driveway of that house where the driver got out and disappeared in the direction of the front door. When the police arrived two men attempted to flee on foot, one from the backyard of that house and the other from the yard of an adjacent house. Both were caught and identified as Phillips and Peterson. A watch belonging to the occupants of the house was found in Peterson's pocket. The car contained items taken from a house a few blocks up the street that had been burglarized about an hour earlier. Both houses had been broken into and ransacked in a similar manner.

## I.

We find no merit in Peterson's claim that the admission of State's

Exhibit 1, a floor plan of the first house burglarized, was error. The diagram was used at trial to illustrate the occupant's explanation of the location of the stolen items prior to the burglary. That testimony was relevant as it tended to show that obtaining possession of those items required entry into the house. Thus the floor plan was merely a visual representation of the witness' verbal description and was properly admitted. *See, Dudley Sports Co. v. Schmitt* (1972), 151 Ind.App. 217, 232, 279 N.E.2d 266, 277, *reh. den., trans. den.*

## II.

The appellants' claim (pursuant to Ind. Ann. Stat. § 35-3.1-1-11(a) [Burns Code Ed., 1975]) that the three offenses were charged in the same information "solely on the ground that they are of the same or similar character" and that a severance should have been granted as a matter of right is not borne out by the record. Rather it appears that the offenses were joined because they were "based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan." Ind. Ann. Stat. § 35-3.1-1-9(a)(2), (Burns Code Ed., 1975). Appellants must, therefore, show that the denial of a severance hindered a fair determination of their guilt or innocence in order to demonstrate reversible error. *Lash v. State* (1977), 174 Ind.App. 217, 367 N.E.2d 10, 11. This they have not done.

## III.

Also asserted as error by appellants is the court's refusal of their tendered instruction on the lesser offense of entering to commit a felony. Where, as here, the evidence shows that the crimes committed, if any, were the ones charged, the court is not required to instruct the jury on lesser offenses. *Lash, supra; Harris v. State* (1977), 266 Ind. 661, 366 N.E.2d 186, 188. Therefore, to refuse appellants' instruction was not error.

## IV.

Appellants argue that the court erred by giving the following part of Instruction 4P over their objection:

"It is your sworn duty to decide this case upon the evidence produced in open court and reasonable inferences arising therefrom.

*Beyond this, disregard any suggestion that you speculate as to what might or might not have been."*

Their claim that the emphasized portion of this instruction invades the province of the jury is unfounded.

It is well settled that instructions are to be read and considered as a whole. *See,* e.g., *Brannum v. State* (1977), 267 Ind. 51, 366 N.E.2d 1180, 1185; *James v. State* (1976), 265 Ind. 384, 354 N.E.2d 236, 241. Here, the allegedly objectionable part of the instruction was merely a restatement of an earlier part of the same instruction which had properly charged the jury to:

"[d]etermine the facts only evidence admitted in open court and reasonable inferences arising therefrom."

### V.

Finally appellants assign as error the giving of the court's instruction 1F(s)3 over their objection. That instruction undertook to explain what inference might be drawn from the unexplained possession of recently-stolen property. It was, in fact, the same instruction disapproved in *Abel v. State* (1975), 165 Ind.App. 664, 333 N.E.2d 848, 852-855, and in *Underwood v. State* (1977), 174 Ind.App. 199, 367 N.E.2d 4, 5.

In the well-reasoned *Abel* opinion that instruction was distinguished from the instruction on the same subject approved by our Supreme Court in *Gann v. State* (1971), 256 Ind. 429, 269 N.E.2d 381, and was held to be an improper comment on the defendant's failure to testify. In *Underwood* the court reversed the judgment because that instruction was given even though the defendant had not objected at trial. The court held that the instruction imposed upon the defendant the burden of proving his innocence and thus violated fundamental due process of law.

Subsequently, in *Sansom v. State* (1977), 267 Ind. 33, 366 N.E.2d 1171, our Supreme Court impliedly superseded[1] that portion of *Underwood* that held that the giving of the instruction constituted fundamental

---

1. *Underwood* was handed down on September 6, 1977; *Sansom* was decided on September 15, 1977.

error. Three separate opinions were written in *Sansom* but all five Justices agreed that the propriety of the instruction could not be considered since the defendant had not objected at trial. Two Justices, however, indicated that were the matter properly before them they would reverse and, in fact, would probably vote to reverse the approval of the *Gann* instruction. The remaining three Justices held that the instruction approved in *Gann* was a proper statement of the law and a proper instruction. They made no mention of the instruction that had been actually given and thus neither approved nor disapproved of that instruction.

Since the instruction given in the case at bar has not been approved by the Supreme Court we are free to, and will, follow the decisions of our First District in *Abel* and *Underwood* (as modified by *Sansom*). Further, we feel that the evidence in the case at bar is not so conclusive of guilt that we can say that the jury's verdict was not influenced by the giving of this instruction over the defendants' timely objection.

The judgment is Reversed.

Staton, J., participating by designation, concurs.

Buchanan, C.J., dissents with opinion.

### DISSENT

BUCHANAN, C.J.—I dissent to reversing the judgment of conviction because of the giving of instruction 1F(s)3.

Comparing the offending instruction [1F(s)3] with the instruction approved by the Supreme Court in *Gann v. State* (1971), 256 Ind. 429, 269 N.E.2d 381, which is the most recent Supreme Court case on this subject, I can find no significant difference:

1F(s)3:

> The exclusive possession of stolen property soon after a larceny or burglary has been committed, *if not explained to the satisfaction of the jury*, may raise an inference that the person in possession of such stolen property is guilty of the larceny or burglary charged. The inference of guilt does not arise from the mere possession of the property stolen, but arises from the fact of its possession

shortly after it has been stolen, coupled with the absence of a satisfactory explanation, or of anything tending to show that such possession is or may be consistent with innocence. In this case, evidence has been presented by the State tending to prove that certain goods, allegedly taken by a larceny or burglary from the residence of Mildred Heald, were in the possession of the defendants shortly after the alleged larceny or burglary. The jury, in its deliberations, should consider all the evidence offered on this issue in the light of all the other evidence in the case, giving such credence to witnesses and such weight to the evidence as the jury believes is warranted. (emphasis supplied)

The *Gann* instruction:

### INSTRUCTION NO. 22

The *unexplained*, exclusive possession of a defendant of recently stolen property is a circumstance which may be considered, along with the other facts and circumstances of the case, in determining the guilt or innocence of the accused. However, the mere possession of stolen goods, standing alone, is insufficient to support a conviction, and the defendant cannot be convicted on the basis of evidence of mere possession of stolen goods alone.

If you should find from the evidence, beyond a reasonable doubt, that a burglary was in fact committed on the premises involved in the case, and that within a short period of time thereafter the defendant himself or with others was found in the *unexplained*, exclusive possession of property identified by the evidence as that stolen from the burglarized premises, you may consider such circumstance in arriving at your verdict in this case. However, no presumption of guilt of burglary is made or arises against a defendant merely by reason of his exclusive possession of goods which have been unlawfully and burglariously taken within a short period of time beforehand, if such be the case. Proof of the commission of the offense must be made beyond a reasonable doubt by the State, and the defendant has no burden to account for or explain for his possession of the goods, but the burden of proving his guilt beyond a reasonable doubt rests entirely upon the State, and you would not be warranted in finding the defendant guilty unless all of the elements of the offense charged have been proved by the evidence, of whatever class it may be, beyond a reasonable doubt. (emphasis supplied)

Only a nuance separates the *Gann* instruction from 1F(s)3. Both explain the inference arising from possession of stolen property. Both recite

the requirement of burden of proof ... 1F(s)3 being even more specific in its explanation that the jury should consider *all* the evidence. The *Gann* instruction's possible commentary on the failure of the defendant to testify[1] consists of a double reference to "unexplained" possession of stolen property. In 1F(s)3 the single reference is to, "if not explained to the satisfaction of the jury", a more explicit phrase, which is followed by verbiage requiring the jury to consider *all* the evidence.

To reverse on a finespun variance in the language between these two instructions is to circumvent the explicit holding of *Gann v. State* and to substitute therefor the rationale of *Abel v. State* (1975), 165 Ind.App. 664, 333 N.E.2d 848, and *Underwood v. State* (1977), 174 Ind.App. 199, 367 N.E.2d 4, on which the majority rely. Transfer was not sought in either case.

Thus, I consider *Gann v. State* as the ruling precedent governing this case and would affirm the conviction.

NOTE — Reported at 376 N.E.2d 1143.

---

1.   Not every indirect or remote reference to such failure is necessarily fatal. *See Phillips v. State* (1977), 174 Ind.App. 570, 369 N.E.2d 434.