**William CARTER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 3–677A149.

Supreme Court of Indiana.

July 24, 1979.

Jere L. Humphrey, Chipman, Morrison & Humphrey, Plymouth, for appellant.

Theodore L. Sendak, Attorney Gen., Kenneth R. Stamm, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice, dissenting to Denial of Transfer.

I disagree with the majority that recommends transfer be denied in this cause. The only objection made to this instruction at trial and before the Court of Appeals by the defendant was that this instruction improperly commented on defendant's failure to testify. This argument was refuted by this Court in 1971 in *Gann v. State*, (1971) 256 Ind. 429, 269 N.E.2d 381, which finding was approved by this Court in *Sansom v. State*, (1977) Ind., 366 N.E.2d 1171. The Court of Appeals reversed on this instruction in *Abel v. State*, (1975) Ind.App., 333 N.E.2d 848, *Underwood v. State*, (1977) Ind. App., 367 N.E.2d 4, and *Phillips v. State*, (1978) Ind.App., 377 N.E.2d 666, but transfer was not sought in any of those cases. The Court of Appeals found in those cases that the instruction constituted an improper comment on the defendant's failure to testify which again contravened our holding in *Gann, supra*, and *Sansom, supra*.

I agree with Chief Judge Buchanan in his dissent in the *Phillips* case, *supra*, where he said only a nuance separates the *Gann* instruction from the instruction in that case and further stated that both explained the inference arising from possession of stolen property and both recite the requirement of burden of proof.

I would recommend that we reverse the Court of Appeals and affirm the trial court in giving the instruction.