Richard HUGHES, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–982A298.

Court of Appeals of Indiana,
Second District.

April 6, 1983.

Charles E. Johnson, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Richard Hughes (Hughes) appeals his conviction of theft under I.C. 35–43–4–2 (Burns Code Ed., Supp.1982) raising the following issues:

1) Whether there was sufficient evidence he did not have authority to control the merchandise,

2) Whether there was sufficient evidence of the value of the merchandise, and

3) Whether the trial court erred in refusing Hughes's tendered instruction number one.

We affirm.

## I.

 The appellate standard of review of sufficiency of the evidence in criminal cases is well established. This court will not reweigh the evidence nor judge the credibility of the witnesses, but will consider only the evidence most favorable to the State and all reasonable inferences which may be drawn therefrom. If we find substantial evidence of probative value from which a reasonable trier of fact could conclude guilt beyond a reasonable doubt, then we must affirm. *Bray v. State,* (1982) Ind., 430 N.E.2d 1162. It is possible for a theft conviction to be supported solely by circumstantial evidence. *Ward v. State,* (1982) Ind., 439 N.E.2d 156, 159. On review, we do not need to find the circumstantial evidence adequate to overcome every reasonable hypothesis of innocence, but need only find that an inference which reasonably supports the finding of the jury may be reasonably drawn from the evidence. *Id.*

 The facts viewed most favorably to the State show that on September 24, 1981, after leaving an enclosed shopping mall, Hughes was apprehended in the parking lot with two women's dresses bearing intact sales tickets. The dresses were in a "roller derby" box. The assistant manager of Jean Nicole clothing store recognized the dresses as part of her stock and identified the sales tickets hanging from the dresses as unique to the Jean Nicole store in the mall. She testified she had seen Hughes in the dress department of her store a few hours earlier and had not seen him purchase anything. She further testified that the dresses found on Hughes had not been sold by her store because the sales tickets were still intact; one half had not been torn off and inserted into the computerized cash register as required to ring up a sale.

Under I.C. 35–43–4–1(a) and (b) (Burns Code Ed., Supp.1982), in pertinent part, a person "exerts control over property" of another by taking or concealing and such control is "unauthorized" when it is exerted without the other's consent or in a manner other than that to which the other consented. The facts recited above show sufficient circumstantial evidence from which a jury could reasonably conclude the Jean Nicole dresses had not been paid for, were being concealed in the "roller derby" box, and therefore Hughes's control over them was not authorized. *See generally Wise v. State,* (1980) Ind.App., 401 N.E.2d 65; *Hartman v. State,* (1975) 164 Ind.App. 356, 328 N.E.2d 445; I.C. 35–43–4–4(c) (Burns Code Ed., Supp.1982).

## II.

Hughes's contention the State must prove the actual value of the property which was the subject of theft is without merit. While such proof was necessary under the former statutory scheme to determine the grade of offense and the penalty, I.C. 35–17–5–3, –12 (Burns Code Ed.1975) (repealed by Acts 1976, P.L. 148 § 24, effective October 1, 1977 by Acts 1977, P.L. 340 § 151), it is not required under the current theft statute except insofar as the State must show the defendant intended to deprive the owner of any part of the "value or use" of the property, whatever that value or use might be. *Busam v. State,* (1983) Ind.App., 445 N.E.2d 118.

We hold the evidence most favorable to the State, as described above, is sufficient to show Hughes intended to deprive the Jean Nicole store of the value of two of its dresses which had been offered for sale. *See* I.C. 35–43–4–4(c).

## III.

Hughes contends the court erred in refusing his tendered instruction number one:

"The unexplained exclusive possession of a defendant of recently stolen property is a circumstance which may be considered, along with the other facts and circumstances of the case, in determining the guilt or innocence of the accused. However, the mere possession of stolen goods, standing alone, is insufficient to support a conviction, and the defendant cannot be convicted on the basis of evidence of mere possession of stolen goods alone."

No other instruction specifically concerning unexplained exclusive possession of recently stolen property was given. We find there was no error.

As a general rule, in determining whether error resulted from the refusal to give a tendered instruction, we consider whether the tendered instruction is a correct statement of the law, whether there is evidence in the record to support the giving of the instruction, and whether the sub-stance of the tendered instruction is covered by other instructions which were given. *Nash v. State,* (1982) Ind.App., 433 N.E.2d 807.

Hughes was charged and the case was tried under I.C. 35–43–4–2(a), knowingly or intentionally exerting unauthorized control over property of another person with intent to deprive that person of any part of its value or use. Hughes was not charged, nor was the trial conducted, on the basis of I.C. 35–43–4–2(b), receiving stolen property.

Hughes's tendered instruction is only a portion of the following instruction which has generally been approved as a correct statement of law in unauthorized control cases:

"The unexplained exclusive possession of a defendant of recently stolen property is a circumstance which may be considered with the other facts and circumstances of the case in determining the guilt or innocence of the accused. However, the mere possession of stolen goods, standing alone, is insufficient to support a conviction; and the defendant cannot be convicted on the basis of evidence of mere possession of stolen goods alone. If you should find from the evidence, beyond a reasonable doubt, that a burglary [theft] was in fact, committed on the premises involved in the case, and that within a short period of time thereafter the defendant himself or with others was found in the unexplained exclusive possession of property identified by the evidence as that stolen from the premises, you may consider such circumstances in arriving at your verdict in this case. However, no presumption of guilt of theft is made or arises against the defendant merely by reason of his exclusive possession of goods which have been unlawfully taken within a short period of time beforehand if such be the case. Proof of the commission of the offense must be made beyond a reasonable doubt by the State, and the defendant has no burden to account for or explain his possession of the goods; but the burden of proving his guilt beyond a reason-

able doubt rests entirely upon the State; and you would not be warranted in finding the defendant guilty unless all of the elements of the offense charged have been proved by the evidence beyond a reasonable doubt."

*Gann v. State,* (1971) 256 Ind. 429, 433–34, 269 N.E.2d 381, 383–84 (burglary); *Nash v. State,* (1982) Ind.App., 433 N.E.2d 807, 811 n. 2; *Thomas v. State,* (1981) Ind.App., 423 N.E.2d 682, 690–91; *Underwood v. State,* (1977) 174 Ind.App. 199, 201–202, 367 N.E.2d 4, 5 *modified in part by Sansom v. State,* (1977) 267 Ind. 33, 366 N.E.2d 1171 (*Sansom overruled on other grounds, Elmore v. State,* (1978) Ind., 269 Ind. 532, 382 N.E.2d 893). The instruction tendered by Hughes did not constitute a correct statement of the law which the evidence in this case supported giving.

The first sentence of Hughes's tendered instruction, "The unexplained exclusive possession of a defendant of recently stolen property is a circumstance which may be considered, along with the other facts and circumstances of the case, in determining the guilt or innocence of the accused," standing alone, is a correct statement of the law and one which the evidence supported giving. Hughes was found in the parking lot in the unexplained exclusive possession of property which the fact finder could reasonably infer was recently stolen. Our problem with Hughes's instruction centers on the second sentence, "However, the mere possession of stolen goods, standing alone, is insufficient to support a conviction, and the defendant cannot be convicted on the basis of evidence of mere possession of stolen goods alone," which we deem to be either confusing or an incorrect statement of the law or both.

Because the legal concept on which Hughes requested the instruction is the permissible factual inference which may be drawn in a theft case from the exclusive, unexplained possession of recently stolen property, use of the phrase "mere possession" in the second sentence is confusing and ambiguous. If the word "mere" is given its plain meaning, *i.e.,* exclusive of or considered apart from anything else, bare,[1] the second sentence is a correct statement of the law. The fact one possesses stolen goods is not, standing alone, sufficient to support a theft conviction on appeal. However, if "mere" is given its plain meaning, there is not evidence in the record to support the giving of an instruction on mere possession; the record shows Hughes's possession was recent, exclusive, and unexplained and, therefore, more than "mere" possession.

If the phrase "mere possession" refers to the unexplained, exclusive possession of recently stolen property set forth in the first sentence, the second sentence is an incorrect statement of the law. Unexplained exclusive possession of recently stolen property standing alone is sufficient on appeal to sustain a conviction under I.C. 35–43–4–2(a), the exercising-unauthorized-control branch of theft. *Ward v. State,* (1982) Ind., 439 N.E.2d 156; *Gaddie v. State,* (1980) Ind.App., 400 N.E.2d 788. The language of the second sentence, "insufficient to support a conviction," reveals another point of confusion in Hughes's instruction; the language describes the appellate standard of review of sufficiency of the evidence to sustain a conviction rather than the standard applicable to a jury's determination of guilt beyond a reasonable doubt.

In this context we repeat the caution expressed in earlier opinions. The question on appeal of the permissible factual inference of guilt of theft from the unexplained exclusive possession of recently stolen property as support for a conviction must be distinguished from the question of the propriety of instructing the jury as to the existence of or weight to be accorded the inference. *Strode v. State,* (1980) Ind.App., 400 N.E.2d 183, 187 n. 3; *Gaddie v. State,* 400 N.E.2d at 791 n. 4. *See also Sansom v. State,* (1977) 267 Ind. 33, 38–40, 366 N.E.2d 1171, 1173–74, *overruled on other grounds, Elmore v. State,* (1978) Ind., 382 N.E.2d 893. Our cases have held an instruction regard-

ing the availability or weight to be accorded the inference would invade the "jury's exclusive province to determine both the law and facts in a criminal case and to determine the guilt or innocence of the accused from a consideration of all the facts and circumstances." *Thomas v. State,* 423 N.E.2d at 691 (citing *Dedrick v. State,* (1936) 210 Ind. 259, 2 N.E.2d 409). *See also Underwood v. State,* (1977) 174 Ind.App. 199, 367 N.E.2d 4, *modified in part* by *Sansom v. State.*

We are cognizant Hughes's instruction is a verbatim portion of a longer instruction previously approved by our courts. *E.g., Gann v. State,* (1971) 256 Ind. 429, 433–34, 269 N.E.2d 381, 383–384; *Nash v. State,* (1982) Ind.App., 433 N.E.2d 807, 811 n. 2; *Thomas v. State,* (1981) Ind.App. 423 N.E.2d 682, 690–91. However, the further elaboration in the full instruction clarifies the confusion manifest in Hughes's instruction. Despite the reference to the appellate standard in the second sentence, the balance of the approved instruction makes clear to the jury the proper standard it is to apply when examining the evidence, *i.e.,* proof by the state of guilt beyond a reasonable doubt. Also, the reference in the second sentence to "mere possession" notwithstanding, the approved instruction clarifies that the subject of the instruction is unexplained, exclusive possession of property identified by the evidence as recently stolen.

We hold the trial court did not err in refusing Hughes's tendered instruction and, because the record shows the court's instructions to the jury included the directive to impartially consider all the evidence and circumstances in the case in determining the guilt or innocence of the defendant, we find the jury to have been properly instructed.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.