**John Lee SIMS, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–685A160.**

Court of Appeals of Indiana,
Third District.

Sept. 26, 1985.

Opinion on Rehearing Nov. 25, 1985.

Edward C. Hilgendorf, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

John Sims was convicted in a jury trial of theft pursuant to IND.CODE § 35–43–4–2(a) which defines theft as knowingly or intentionally exerting unauthorized control over property of another person with intent to deprive that person of any part of its value or use.

On appeal, Sims presents two issues for review:

(1) whether the trial court erred in charging the jury in accordance with State's Instruction No. 3 and

(2) whether there was sufficient evidence to support the verdict of the jury.

Only the first issue will be addressed.

Appellant alleges the trial court erred in instructing the jury in accordance with State's Instruction No. 3 which reads:

"The exclusive possession of stolen property soon after a theft has been committed, if not explained to the satisfaction of the jury, may raise an inference that the person in possession of such stolen property is guilty of the theft charged. The inference of guilt does not arise from the mere possession of the property stolen, but arises from the fact of its possession shortly after it has been stolen coupled with the absence of a satisfactory explanation, or of anything tending to show that such possession is or may be consistent with innocence. In this case, evidence has been presented by the State showing that certain goods, allegedly taken by a larceny from Polk Tire Service, were in the possession of the defendant shortly after the alleged theft."

Appellant objected to Instruction No. 3 at trial, in his motion to correct error and again on appeal on the grounds it is an

incorrect statement of the law as applied to the present case and is a comment on the evidence. Sims argues that the failure of the instruction to call the jury's attention to the defendant's explanation of possession renders the instruction incorrect, misleading and reversible error.

State's Instruction No. 3 is taken from *Freeman v. State* (1967), 249 Ind. 211, 231 N.E.2d 246, as is indicated in the trial record and in the appeal briefs. The appellant correctly states that Instruction No. 3 is only the first part of an instruction approved in *Freeman*. The second part of the *Freeman* instruction indicated the evidence presented by both the state and the defendant and instructed the jury as to the necessity of examining all the evidence in making a determination. *Freeman v. State, supra,* 249 Ind. at 218, 231 N.E.2d at 251. In light of the fact the challenged instruction is not the complete instruction approved in *Freeman,* and that similar instructions have been frequently considered by the Indiana appellate courts since the 1967 *Freeman* decision, other case law is more relevant to the issue.

The approved instruction concerning exclusive possession of stolen goods for cases involving unauthorized control theft, IND. CODE § 35–43–4–2(a), is:

" 'The unexplained exclusive possession of a defendant of recently stolen property is a circumstance which may be considered with the other facts and circumstances of the case in determining the guilt or innocence of the accused. However, the mere possession of stolen goods, standing alone, is insufficient to support a conviction; and the defendant cannot be convicted on the basis of evidence of mere possession of stolen goods alone. If you should find from the evidence, beyond a reasonable doubt, that a burglary [theft] was in fact, committed on the premises involved in the case, and that within a short period of time thereafter the defendant himself or with others was found in the unexplained exclusive possession of property identified by the evidence as that stolen from the premises, you may consider such circumstances in arriving at your verdict in this case. However, no presumption of guilt of theft is made or arises against the defendant merely by reason of his exclusive possession of goods which have been unlawfully taken within a short period of time beforehand if such be the case. Proof of the commission of the offense must be made beyond a reasonable doubt by the State, and the defendant has no burden to account for or explain his possession of the goods; but the burden of proving his guilt beyond a reasonable doubt rests entirely upon the State; and you would not be warranted in finding the defendant guilty unless all of the elements of the offense charged have been proved by the evidence beyond a reasonable doubt.' "

*Hughes v. State* (1983), Ind.App., 446 N.E.2d 1017, 1019–1020.

This instruction was originally approved by the Supreme Court of Indiana as a correct statement of Indiana law in *Gann v. State* (1971), 256 Ind. 429, 269 N.E.2d 381, *reh. denied.* This is the only exclusive possession instruction the Supreme Court has actually approved. In *Sansom; Murphy v. State* (1977), 267 Ind. 33, 366 N.E.2d 1171 (*Sansom* overruled on other grounds, *Elmore et al. v. State* (1978), 269 Ind. 532, 382 N.E.2d 893), the Court considered an instruction similar to Instruction No. 3. In that case, however, the Court gave no definitive answer on such an instruction, the instruction being neither approved nor disapproved by a majority of the Court. In *Sansom* a majority held only that the giving of the instruction did not constitute fundamental error and required an objection at trial to preserve the issue for appeal.

State's Instruction No. 3 is a verbatim portion of the instructions challenged and found to be erroneous in *Abel v. State* (1975), 165 Ind.App. 664, 333 N.E.2d 848, 852; *Underwood v. State* (1977), 174 Ind. App. 199, 367 N.E.2d 4, *reh. denied,* modified in part by *Sansom; Murphy v. State,*

*supra,* 267 Ind. 33, 366 N.E.2d 1171;[1] and *Phillips et al. v. State* (1978), 177 Ind.App. 10, 377 N.E.2d 666, 668. The instruction condemned in *Underwood* was the same as Instruction No. 3 challenged here except there was no reference to the evidence submitted by the State. In that case, the instruction was found to impermissibly shift the burden of proof to the defendant in violation of fundamental due process. The instructions disapproved in *Abel* and *Phillips* contained two parts. The first part was the same as Instruction No. 3 in the present case. The second part stated:

> "The jury, in its deliberations, should consider the evidence offered by State in the light of all the other evidence in the case, giving such credence to witnesses and such weight to the evidence as the jury believes is warranted."
>
> *Abel v. State, supra,* 165 Ind.App. at 671, 333 N.E.2d at 852;
>
> *Phillips v. State, supra,* 177 Ind.App. at 13, 377 N.E.2d at 668.

In *Abel* the instruction was found to be a comment on the defendant's failure to testify due to the fact the instruction indicated that the inference of guilt could arise from possession " 'coupled with the absence of a satisfactory explanation.' " *Abel v. State, supra,* 165 Ind.App. at 676, 333 N.E.2d at 855. In *Phillips* the instruction was compared to that approved by the Supreme Court in *Gann v. State, supra,* 256 Ind. 429, 269 N.E.2d 381, and then disapproved because of its deviation from the approved *Gann* instruction.

As was made clear in the *Abel* opinion, the condemnation of these instructions stems from the reasoning set out in the landmark case of *Dedrick v. State* (1936), 210 Ind. 259, 2 N.E.2d 409. In that case the Court found a challenged exclusive possession instruction to constitute an invasion of the province of the jury stating:

> "Exclusive possession by the defendant of recently stolen goods is a circum-

stance to be considered by the jury, and if the state proves that the goods in question have been recently stolen and soon thereafter were found in the possession of defendant, and there is no evidence in the record explaining the possession of the defendant, and if the jury under proper instruction concludes that the defendant was guilty, such evidence would be sufficient to sustain the verdict of the jury upon appeal. We do not think that a court has any right or any power to instruct the jury that the proof of certain facts raises a presumption against the defendant in a criminal case, but the court should more properly instruct the jury that all facts and circumstances as shown by the evidence should be considered by them in determining the guilt or innocence of the defendant."
> *Dedrick v. State, supra,* 210 Ind. at 278–279, 2 N.E.2d at 418.

Further, in addressing the area of erroneous instructions, the Court stated:

> "It is the exclusive province of the jury to determine, from all the facts and circumstances in the case, the defendant's guilt or innocence, and any instruction by the court which in any manner takes from the jury this exclusive duty, or which attaches weight to certain evidence, or which would in any manner place the burden upon the defendant to prove his innocence or introduce evidence to create a reasonable doubt in the minds of the jury, is erroneous. It is the affirmative duty of the state in criminal cases to prove the defendant's guilt beyond a reasonable doubt. Such cases present questions of fact, and the jury alone must draw any inference which might be drawn from the evidence...."
> *Dedrick v. State, supra,* 210 Ind. at 272, 2 N.E.2d at 415–416.

■ Applying the above principles to the present case, it is clear the trial court com-

---

1. The Indiana Supreme Court modified *Underwood v. State* (1977), 174 Ind.App. 199, 367 N.E.2d 4, by holding in *Sansom; Murphy v. State* (1977), 267 Ind. 33, 366 N.E.2d 1171, that the giving of the erroneous instruction was not fundamental error and was preserved for appeal only if objected to at trial. *Sansom* was overruled on other grounds by *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893.

mitted error in instructing the jury in accordance with State's Instruction No. 3. Instruction No. 3 does not state the law correctly in the manner approved in *Gann v. State, supra,* 256 Ind. 429, 269 N.E.2d 381. The first part of the instruction concerning the permissible inference from unexplained exclusive possession of goods is followed by reference only to the evidence presented by the State as to the possession. Such an instruction puts emphasis on the State's evidence and is therefore an impermissible comment on the evidence.

■ The defendant preserved his objection to this instruction for appeal. He objected to the instruction at trial, he raised the issue in his motion to correct error, and he has challenged the instruction on appeal. The defendant was not required to tender a written instruction at trial in order to challenge the instruction given. Tendering of a written instruction is a prerequisite to an appellant's allegation of error based on refusal to give a requested instruction. *Begley v. State* (1981), 275 Ind. 235, 416 N.E.2d 824. When objecting to an instruction given, objection is necessary and sufficient to preserve the issue for appeal.

Ind.Rules of Procedure, Trial Rule 51(C); *Cox v. State* (1985), Ind., 475 N.E.2d 664.

■ A reversal is required if the decision of the jury may have been based on an erroneous instruction. *Cox v. State, supra.* The decision of the trial court is therefore reversed.

Reversed and remanded for a new trial.

OPINION ON REHEARING

The appellant in his Petition for Rehearing calls to the Court's attention that the Court has failed to address the issue of sufficiency of the evidence. The record of the proceedings has been carefully reviewed and there is more than sufficient evidence to support the verdict of guilty. The Petition for Rehearing is therefore denied.

STATON, P.J., and GARRARD, J., concur.